Charles L. JEWELL, Petitioner,

v.

TULSA COUNTY, and State of Oklahoma, Respondents.

No. A–14639.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Jay Dalton, Public Defender, for petitioner.

Patrick Williams and Ronald Shaffer, Asst. Dist. Attys., for respondents.

PER CURIAM:

This is an original proceeding in which Charles Leroy Jewell has petitioned this court for an appeal out of time authorized by 22 O.S.Supp.1968, § 1073, alleging that he has been denied the right to appeal his conviction pursuant to which he is presently incarcerated in the Oklahoma State Penitentiary.

On January 12, 1965, judgment and sentence was imposed in the District Court of Tulsa County, Oklahoma, on a jury verdict finding Petitioner guilty of the crime of shooting with the intent to kill after former conviction of a felony, Case No. 20895. The jury left sentencing to the discretion of the Judge who imposed a fifty year sentence. Petitioner was represented

by court appointed counsel, Elmore Page, at his arraignment and by a public defender, Bryon Henson, at his trial and at sentencing. Public Defender Henson filed a motion for new trial, which was overruled, and filed a written notice of intent to appeal. Petitioner was unable to make the fifty thousand ($50,000.00) dollar appeal bond and was transferred to he penitentiary ten days after the date of his sentencing. Subsequently, Public Defender Henson filed for an extension of time in which to have the casemade settled and served.

After receiving Petitioner's application for an appeal out of time this court on April 24, 1968, ordered that an evidentiary hearing be conducted on said petition in the District Court of Tulsa County. Said hearing was conducted on June 13, 1968, before the Honorable Robert D. Simms, District Judge, with Petitioner present and represented by a Public Defender, Jay Dalton, and the Respondent represented by Assistant District Attorney Patrick A. Williams and Ronald Shaffer. At this proceeding the only testimony introduced into evidence was that of Petitioner and his court appointed trial counsel, Bryon Henson.

From a review of the transcript of the evidentiary hearing it is apparent both in the testimony of the Petitioner and his court appointed counsel that Petitioner desired to appeal his conviction, believed that his case would be appealed, and continued to believe so until after the time in which to perfect an appeal had expired. Petitioner's mother had discussed the case before and after sentencing with the court appointed counsel and there was apparently some understanding that she would act for Petitioner as his agent. Petitioner testified that after his sentencing and transfer to the penitentiary that he did not hear from his court appointed counsel, Mr. Henson. Mr. Henson also testified that he did not contact the Petitioner after his sentencing but rather dealt with his mother. Mr. Henson testified that he notified Petitioner's mother that he would be unable to perfect an appeal of the conviction, although

he did file a motion for a new trial and notice of intent to appeal. Mr. Henson testified to the effect that Petitioner's mother indicated that she would therefore attempt to secure another counsel to perfect the appeal.

Petitioner testified that he did not know until approximately November of 1965 that no efforts were being made to appeal his conviction when his mother wrote him that Mr. Henson could not perfect the appeal and that she had not been able to retain other counsel. There is nothing in the record to indicate that Petitioner had corresponded with his mother prior to that time or had previous knowledge that nothing was being done in order to perfect his appeal.

There is nothing in the testimony of the evidentiary hearing or in the record before this court, such as the transcript of the proceedings at the time of sentencing, to indicate that Petitioner was advised by the court of his right to appeal his conviction, that such an appeal could be perfected at state expense if necessary, or that a casemade had to be ordered within 10 days of judgment and sentence. Nor does the testimony or records show that Petitioner affirmatively waived the right to appeal his conviction.

In Oklahoma an accused may take an appeal from his judgment and sentence as a matter of right. 22 O.S.1961, § 1051. Where appeal exists as a matter of right it is a denial of equal protection of the law for an indigent to be denied such right because he was not advised of the right to appeal and that if he is unable to secure counsel the court will furnish counsel to perfect the appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Wynn v. Page, 369 F.2d 930 (10th Cir.1966). Thus on conviction every defendant must be advised of his right to appeal, the right to counsel for appeal, and the right to court appointed counsel if justified by indigency. Copenhaver v. State, Okl.Cr.App., 431 P.2d 669 (1967).

In order to waive this right to appeal with assistance of counsel such waiver must have been given voluntarily, knowingly, and intelligently, and the person must have been sufficiently informed as to the extent of the rights which he is reportedly waiving. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). The right to be furnished counsel on appeal does not depend on a request. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). It is also recognized that presuming waiver of the right to counsel from a silent record is impermissible. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

However, in the instant case the question is not primarily whether Petitioner was advised of his right to appeal with counsel and had full knowledge of such right, but rather whether due to absence of counsel, through misadventure and no fault of his own, his appeal was not perfected within the time allowed by law thus denying his right to appeal.

In the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court was dealing with the question of the right to counsel at a juvenile hearing and held as follows:

"At the habeas corpus proceeding, Mrs. Gault testified that she knew that she could have appeared with counsel at the juvenile hearing. This knowledge is not a waiver of the right to counsel which she and her juvenile son had, as we have defined it. * * * Mrs. Gault's knowledge that she could employ counsel was not an 'intentional relinquishment or abandonment' of a fully known right."

In the instant case even if it is true that Petitioner's mother understood the time limit in which to perfect an appeal, that Mr. Henson would not perfect the appeal, and that she could not secure retained counsel within the time, such cannot operate as a waiver by the Petitioner of his right to appeal with counsel where it appears that he was not so informed, and

her failure to act was without his acquiescence. Petitioner's mother did not testify at the evidentiary hearing, and since no correspondence of the mother with the Petitioner of Mr. Henson was introduced, it is not clear what understanding existed between the parties. It is thus impossible to know the mother's intention or the efforts made in behalf of her son. Likewise, it would be difficult if not impossible to hold the client responsible for the acts of his attorney where the attorney disclaims the existence of any client-attorney relationship beyond the sentencing date. This Court has on previous occasions granted an appeal out of time where there was apparent breakdown between the Petitioner's family and counsel outside the effective control of the Petitioner which resulted in the failure to appeal within the time allowed by statute. Scott v. State, Okl.Cr.App., 448 P.2d 272 (Decided May 20, 1968).

It is true as this court has stated before in Leigh v. Johnson, Okl.Cr.App., 440 P.2d 375, that:

"Defendant must act with reasonable diligence in ordering preparation of case-made by court reporter, or he may defeat his own appeal because of laches on his part."

However, we cannot find from the testimony of the evidentiary hearing in good conscience that Petitioner is guilty of laches on his part in that he knowingly failed to take the necessary steps in order to perfect an appeal of his conviction. We find that Petitioner did not intelligently, knowingly, and voluntarily waive his right to appeal.

It is obvious both from Petitioner's testimony and the testimony of his court appointed counsel that Petitioner desired an appeal at the time of his conviction and subsequently thereto. It further appears that the district court of Tulsa County found that Petitioner was an indigent as it saw fit to appoint counsel to represent him at his trial and at the evidentiary hearing on his petition for an appeal out of time.

In Swenson v. Bosler, supra, the United States Supreme Court held:

"When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel."

Petitioner's court appointed counsel testified that he found little merit in appealing Petitioner's conviction. However, it matters not that court appointed counsel felt that there was no merit to the appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The right to appeal is a personal right and cannot be waived by court appointed counsel or by a relative. Scobie v. Oklahoma, 239 F.Supp. 646 (D.C.Okl.1965).

We therefore conclude that Petitioner, Charles Leroy Jewell, is entitled to an appeal out of time as authorized by 22 O.S. Supp.1968, § 1073, from the judgment and sentence rendered in the District Court of Tulsa County, Oklahoma, in Case No. 20895 sentencing him to fifty years imprisonment for the crime of shooting with the intent to kill after former conviction of a felony.

It is therefore ordered that the Presiding Judge of the Fourteenth Judicial District of Oklahoma direct the appointment of counsel to represent Petitioner on appeal and provide said counsel with a casemade at public expense. Said court appointed counsel is granted six months from the issuance of this opinion and order to file his petition-in-error with the casemade. Petitioner's counsel shall have thirty days thereafter within which to file a brief and the state shall have thirty days thereafter to file a reply brief.

Application for appeal out of time granted.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.