**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J. Fisher, Jr.                                    Elisabeth A. Shumaker
     Clerk                                                    Chief Deputy Clerk

March 16, 2000

**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   99-6328, *Carter v. Hines*
          Filed on March 14, 2000

There is a clerical error on page one of the order and judgment filed in this appeal.  The panel of judges who decided this appeal is corrected to read: Brorby, Kelly, and Murphy.  A corrected copy of the order and judgment is attached.

Sincerely,

Patrick Fisher, Clerk of Court

By:   Keith Nelson
       Deputy Clerk

encl.

F I L E D
United States Court of Appeals
Tenth Circuit

MAR 14 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

MICHAEL S. CARTER,

       Petitioner-Appellant,

v.

REGINALD HINES,

       Respondent-Appellee.

No. 99-6328
(W.D. Okla.)
(D.Ct. No. 99-CV-39)

_____

ORDER AND JUDGMENT[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____


      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.


      Appellant Michael S. Carter, a state *pro se* inmate, appeals the district

_____

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. §2254 as time-barred. The district court also denied Mr. Carter's request for a certificate of appealability. We deny Mr. Carter's request for a certificate of appealability and his motion to proceed *in forma paurperis*, and dismiss his appeal.

On June 20, 1997, Mr. Carter received a sentence of five years imprisonment and a fine of $5,000 for uttering two or more bogus checks exceeding $500. Under Oklahoma Court of Criminal Appeals Rule 2.5, he had ten days after entry of his judgment and sentence – or until June 30, 1997 – to file a direct appeal. He did not file his appeal with the state district court until July 29, 1997 – well beyond the time limit, thereby waiving his right to an appeal. On May 22, 1998 he filed a state petition for a writ of habeas corpus, which the state district court denied on September 25, 1998. He did not seek certiorari review in the state court.

On December 14, 1998, Mr. Carter filed his federal habeas petition, claiming ineffective assistance. The district court referred the matter to a magistrate judge who recommended dismissal of the petition as untimely. The magistrate judge determined the one-year limitation period for filing Mr. Carter's

-2-

federal petition began ten days after his sentence – on June, 30,1997, so the one-year limitation period ended June 30, 1998. The magistrate judge next determined the one-year limitation period was not tolled until May 22, 1998, when Mr. Carter filed his state habeas petition. Thus, only thirty-nine days remained of the one-year limitation period when Mr. Carter's state petition tolled it. When the state court denied his petition on September 25, 1998, Mr. Carter had only thirty-nine days–or until November 3, 1998, in which to file his federal petition. Because he did not file his federal petition until December 14, 1998, the magistrate judge found it time-barred.

In addition, the magistrate judge noted Mr. Carter's one-year limitation period was not tolled by his untimely July 29, 1997 filing of his direct state appeal, even though he claimed he placed the notice of appeal in a jailer's hand on June 23, 1997 – the day he hand-wrote the notice. The magistrate judge pointed out the Oklahoma Court of Criminal Appeals has determined the "mailbox" rule does not apply to appeals in state criminal matters. Finally, the magistrate judge determined Mr. Carter did not allege innocence, incompetence, or any other extraordinary circumstances warranting equitable tolling. After reviewing Mr. Carter's objections to the magistrate judge's recommendations, the district court adopted the magistrate judge's Report and Recommendations in its

entirety and dismissed the petition as untimely.

On appeal, Mr. Carter argues the merits of his ineffective assistance of counsel claim. In addition, apparently in response to his untimely filing of his federal petition, Mr. Carter makes the statement his time for appeal "does not commence to run until [he] has been advised of his right to appeal and the effective assistance of counsel has been afforded." He also makes the statement that "a convicted, confined person may collaterally attack his judgement of sentence if he has not been afforded the assistance of counsel concerning his right to appeal." Because Mr. Carter timely filed this appeal, we can only assume this statement concerns his failure to timely file his state direct appeal.

We review the district court's factual findings for clear error and its legal basis for dismissal of Mr. Carter's §2254 petition *de novo*. *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 944 (2000). In applying these standards, we construe Mr. Carter's *pro se* pleadings liberally, holding them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

With these standards in mind, we begin by reviewing the district court

determination concerning the untimeliness of Mr. Carter's § 2254 petition. We find no error in the district court's calculations on when Mr. Carter's petition became due, and therefore, agree Mr. Carter's petition is untimely filed.

As to Mr. Carter's statements concerning his right to counsel on direct appeal, he seems to be articulating a statement of his rights rather than asserting a denial of those rights.[1] We acknowledge a defendant must be informed of his right to file a direct appeal, has the constitutional right to assistance of counsel in his first appeal, and can waive his right to counsel and appeal *pro se* so long as the waiver is voluntary, knowing and intelligent. *See Baker v. Kaiser*, 929 F.2d 1495, 1498, 1500 (10th Cir. 1991); *Jewell v. Tulsa County*, 450 P.2d 833, 835 (Okla. Crim. App. 1969). However, we have examined the record and find nothing to show, on appeal or otherwise, Mr. Carter has ever alleged deprivation of his direct appeal rights. Specifically, Mr. Carter has never alleged the court failed to advise him of his appeal rights,[2] or that he asked for, or was refused,

---

[1] In so doing, we note we generally do not consider an issue not passed on below, *see Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992), but make an exception in this case because his failure to timely file his state appeal may, in part, affect the tolling of the one-year limitation period to file his federal petition.

[2] The record does show the trial court advised Mr. Carter of his right to appeal to the court of Criminal appeals, the necessary steps for perfecting an appeal, and that if he desired to appeal and could not afford counsel and a transcript, the same would be furnished by the State.

assistance of counsel to help him with his direct appeal. Instead, the record shows Mr. Carter himself prepared his *pro se* notice of appeal on June 23, 1997 – seven days before it was due. Other than asserting the "mailbox rule" as discussed by the magistrate judge, Mr. Carter has not shown why the same notice of appeal was filed over one month later on July 29, 1997. While it is apparent he filed his notice of appeal *pro se*, he fails to allege he did not waive his right to counsel or that he involuntarily, unknowingly and unintelligently waived that right. Under these circumstances, Mr. Carter's summary statements, simply articulating his appeal rights, are insufficient to equitably toll the one-year limitation period for filing his federal petition.

In order to obtain a certificate of appealability, Mr. Carter must make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). He fails to do so.

For these and substantially the same reasons articulated in the magistrate judge's May 13, 1999 Report and Recommendation, and the district court's July 29, 1999 Order, we deny Mr. Carter's request for a certificate of appealability and

to proceed *in forma pauperis*, and **DISMISS** his appeal.

                                  **Entered by the Court:**

                                  **WADE BRORBY**
                                  United States Circuit Judge