Larry C. GLOUSER, Appellant,

v.

UNITED STATES of America, Appellee.

Raymond P. GEARHART, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 16798, 16836.

United States Court of Appeals
Eighth Circuit.

Dec. 5, 1961.

Larry C. Glouser, pro se.

Raymond P. Gearhart, Jr., pro se.

Robert S. Erdahl, Beatrice Rosenberg, and Sidney M. Glazer, Attorneys, Department of Justice, Washington, D. C., on the brief, for appellee.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

These appeals are from the denial of appellants' separate motions under Title 28 U.S.C.A. § 2255 to vacate and set aside the sentences imposed upon them on January 9, 1959, following a jury trial in which appellants were found guilty under a three-count indictment.[1] The court adjudged that each of the appellants serve a sentence of five years on each count, to run consecutively for a total of fifteen years. Later and upon motion, the court by order entered March 5, 1959, suspended the sentence on Count III as to each appellant and directed that as to said count appellants be placed on probation for a five-year period, thus reducing the prison term of each to ten years. Appellants did not appeal from the judgments of conviction.

Before attending to the points which appellants urge for our consideration, we briefly summarize the facts giving rise to the original prosecution.

On the evening before the offenses were committed, Linford R. Fitch and Gearhart agreed upon a plan to burglarize a federally insured bank at Fontanelle, Iowa. During the same evening Glouser joined the illegal scheme. Thereafter the three conspirators, armed with weapons and possessing a sack of tools, drove to Fontanelle, where Gearhart reconnoitered the bank and the adjoining post office. On this trip it was agreed that if the bank burglary proved unsuccessful, the post office would be burglar-

ized. Having thus laid the plans, appellants and Fitch drove to a motel where they registered. Virginia Sue Tabor, who was Glouser's girl friend, remained at the Fitch home, where the illegal plan was entered into, and took care of the Fitch children.

At about 2:30 o'clock A. M. on October 8, appellants and Fitch drove back to Fontanelle and climbed onto the roof of the post office which adjoined the bank. Glouser acted as a lookout while Fitch and Gearhart broke into the bank through a stairway. However, when they attempted to break open the bank vault, tear gas was released, and they were forced to leave the bank building. Pursuant to their plan, they then broke into and entered the post office, but were unsuccessful in their attempt to open the post office safe. However, Glouser opened boxes in the post office and stole about $8. Gearhart and Fitch later re-entered the bank but again failed in their attempt to open the vault and the project was abandoned. Shortly thereafter the three were apprehended. During the trial, Fitch, who had previously pled guilty, testified to all of the foregoing and other details surrounding the plan to commit the offenses, and the method of carrying it into effect. Virginia Sue Tabor also testified as a Government witness. The circumstances under which she testified became a matter of deep concern to Glouser in one form or another, as we shall presently see.

### Glouser's Appeal

Glouser filed a motion for relief under § 2255 on October 3, 1960. Therein he contended, in essence, that his conviction resulted from improper and illegal evidence, in that the court permitted his common law wife, Virginia Sue Tabor, to give testimony against him and that this error robbed the trial of due proc-

---

1. Count I charged that on October 8, 1958, defendants entered a federally insured bank at Fontanelle, Iowa, with intent to commit a felony in violation of Title 18 U.S.C.A. § 2113(a); Count II charged that on the same day defendants forcibly broke into and entered the United States Post Office at Fontanelle, Iowa, with intent to commit larceny in violation of 18 U.S.C.A. § 2115; Count III charged defendants with conspiring together and with Linford R. Fitch to commit the offenses charged in Counts I and II in violation of 18 U.S.C.A. § 371.

ess requirements in violation of his constitutional rights. On November 10, 1960, Glouser filed an amended and supplementary motion to vacate in which the additional contention was made that the court improperly permitted the Assistant United States Attorney to cross-examine the witness Tabor by use of her grand jury testimony.

On or about February 15, 1961, the Honorable Robert Van Pelt, United States District Judge for the District of Nebraska, sitting by designation in the Southern District of Iowa, appointed Patrick D. Kelly, Esq., a member of the Des Moines, Iowa, Bar, to represent Glouser in connection with his applications for § 2255 relief. Mr. Kelly thereafter and on February 20, 1961, filed another amendment to Glouser's previous motions and in this motion the claim appeared that, in the absence of Glouser, the trial judge conducted a hearing in his chambers on the question of whether Virginia Sue Tabor was his common law wife, and that this proceeding contravened Glouser's constitutional right to be present at all stages of the trial.

Glouser, acting pro se in this court, while attempting to present six points for consideration, is placing special emphasis on the proceeding in the trial court's chambers which developed in this manner: During preliminary questioning of Virginia Sue Tabor, a Government witness, Roy W. Meadows, Esq., court-appointed attorney for Glouser, questioned her competency to testify on the ground that she was Glouser's wife by virtue of a common law marriage. The Judge announced that he would hear the matter in his chambers. Neither defendant nor his lawyer raised any objection to this suggestion. In chambers, with Glouser remaining in the court room, the court permitted Mr. Meadows to exhaustively examine Virginia Sue Tabor in an effort to establish the common law mar-

riage.[2] At the conclusion of the hearing in chambers, the court ruled against the common law marriage contention. The trial was then resumed in the court room with Glouser present. The Government examined Tabor and elicited testimony pertinent to the offenses. Upon cross-examination of this witness Mr. Meadows was again permitted to delve into the relationship between the witness and appellant as it bore significance to the common law marriage issue but he did not renew the objection to Tabor's competency.

Rule 43 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that "(t)he defendant shall be present * * * at every stage of the trial * * * except as otherwise provided by these rules." This provision is in accord with the cardinal principle that pervades the law of criminal procedure that after the indictment is found, nothing shall be done in felony cases except in the presence of the accused. 14 Am. Jur., Criminal Law, §§ 189–190; 23 C. J.S. Criminal Law, § 973; Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 36 L.Ed. 1011; Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500; Ah Fook Chang v. United States, 9 Cir., 91 F.2d 805, 809; cf. Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, involving the rights of the defendant under the Fourteenth Amendment in a prosecution commenced under the laws of Massachusetts. But this right, even though derived from the constitution, may be waived in felony cases, not capital, generally on the theory that the right to be present is essentially for the benefit of the accused. 23 C.J.S. Criminal Law § 975; 14 Am.Jur., Criminal Law, § 199; Parker v. United States, 4 Cir., 184 F.2d 488, 489, 490; Johnson v. United States, 318 U.S. 189, 201, 63 S.Ct. 549, 87 L.Ed. 704, rehearing den.

---

2. The evidence at this hearing developed that the parties had cohabited together in Nebraska for a brief period of time. When the court stated that Nebraska did not recognize common law marriages, see Bowman v. Bowman, 163 Neb. 336, 79 N.W.2d 554, 560, an attempt was then made to establish cohabitation in Kansas and Iowa.

318 U.S. 801, 63 S.Ct. 826, 87 L.Ed. 1164; United States v. Gore, D.C., 130 F.Supp. 117, aff'd Gore v. United States, 6 Cir., 234 F.2d 658, cert. den. 352 U.S. 982, 77 S.Ct. 384, 1 L.Ed.2d 365.[3] In the instant case the facts and circumstances indicate a solid basis for the trial court's conclusion that "the Petitioner herein [Glouser] had sufficient knowledge of the facts to waive his presence and did so by proceeding with the trial without objection." However, the test for reviewability under a § 2255 proceeding is whether the appellant was deprived of the substance of a fair trial. This principle as stated by the Fourth Circuit in Howell v. United States, 172 F.2d 213, 215, cert. den. 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718, is apropos here:

> "It is elementary that neither habeas corpus nor motion in the nature of application for writ of error coram nobis can be availed of in lieu of writ of error or appeal, to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. It is only when there has been the *denial of the substance of a fair trial* that the validity of the proceedings may be thus collaterally attacked or questioned by motion in the nature of a petition for writ of error coram nobis or under 28 U.S.C.A. 2255." (Emphasis supplied.)

See also Taylor v. United States, 8 Cir., 229 F.2d 826, cert. den. 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Kyle v. United States, 2 Cir., 266 F.2d 670, cert. den. 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109; United States v. Walker, 2 Cir., 197 F.2d 287, 288, cert. den. 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679; United States v. Angelet, 2 Cir., 255 F.2d 383, 384.

The examination of the witness Tabor is clear manifestation that Mr. Meadows was firmly conversant with all of the essential circumstances forming the basis for the alleged common law marriage. Thus it is difficult to perceive how defendant's presence could have been of material aid in developing facts which would have called for a different ruling on the question. Moreover, as we have seen, when the trial was resumed in the court with the appellant present, no additional objection was made to the witness testifying and, indeed, Mr. Meadows further probed the common law marriage issue. Upon careful consideration of the whole course of events, the conclusion is inescapable that there was no fundamental weakness in the judicial process as a result of the incident complained of; and that the absence of the appellant from the in-chambers proceeding was not a flagrant violation of his constitutional right so as to demonstrate that there was a denial of the substance of a fair trial.

Other alleged errors urged by appellant relate to admissibility of evidence,[4] and cannot be cognizable upon collateral attack but are reviewable only in direct appeal from the judgment of conviction. Sunal v. Large, 332 U.S. 174, 177, 67 S.Ct. 1588, 91 L.Ed. 1982; Bright v. United States, 8 Cir., 274 F.2d 696; Link v. United States, 8 Cir., 295 F.2d 259, and cases there cited. Appellant seeks to circumvent the foregoing rule by asserting that the appeal was not taken because his court-appointed attorney abandoned the case after trial for the alleged reason that appellant was financially unable to procure funds to employ him to take and perfect an appeal. From this

---

3. Hoyt v. People of Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262, relied on by Glouser is not apposite. There a territorial statute required the personal presence of the defendant at the trial.

4. As we have seen, Glouser's motion and first supplement thereto sought relief on account of claimed error in permitting witness Tabor to testify against him, and

in permitting the United States Attorney to cross-examine her by use of her grand jury testimony. None of these matters was presented to the trial court in oral arguments on the motions, but the court nevertheless took cognizance of their presence, and properly ruled they related to evidentiary questions and could not be reviewed in this proceeding.

premise it is argued that we should treat this as an exceptional case and review all alleged trial errors. While it has been said that "failure to appeal may not be excused upon a mere showing of neglect of counsel," Dennis v. United States, 4 Cir., 177 F.2d 195,[5] we need not now determine whether failure by counsel to appeal would be a denial of effective assistance so as to open a conviction to collateral attack under § 2255 if there was plain reversible error in the trial. Compare Mitchell v. United States, D. C.Cir., 103 U.S.App.D.C. 97, 254 F.2d 954. This for the reason that the claim of abandonment is utterly without factual support.

The post trial proceedings as well as the negotiations between appellant and Meadows demonstrate quite conclusively, (1) that appellant was fully aware of his right to appeal and (2) that he did not expect and was not led to believe that his court-appointed attorney would take any action toward perfecting the appeal. In the face of the record, appellant's present claim of abandonment fades into insignificance. We are persuaded to believe that this contention is an afterthought conceived and designed for the purpose of having us make an exception to the rules governing appeals.

The record has been examined and satisfies us that appellant was represented by an able, conscientious and experienced trial lawyer; the trial was fairly conducted and the claim that appellant was deprived of his constitutional rights is without merit.

The order appealed from is

Affirmed.

### Gearhart's Appeal

Appellant Gearhart filed motion to vacate sentence and judgment under 28 U.S.C.A. § 2255 on December 21, 1960. Thereafter James Lawyer of the Des Moines, Iowa Bar was appointed to represent appellant. After consideration the court denied the motion on June 13, 1961.

The sole point presented on appeal is "appellant should not have been convicted on hearsay evidence of an accomplice." Appellant elaborates on this point by arguing that without the testimony of Fitch, the accomplice, the evidence was insufficient to sustain the conviction. The suggestion is also made that the court should have instructed specifically upon accomplice testimony.

These alleged errors cannot permissibly be reviewed in a collateral attack upon the judgment. A motion cannot operate as an appeal. Link v. United States, 8 Cir., 295 F.2d 259, opinion filed October 27, 1961, page 260 and cases there cited. In Link we quoted with approval the Fourth Circuit in Taylor v. United States, 177 F.2d 194, 195, as follows:

"Prisoners adjudged guilty of crime should understand that 28 U. S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to col-

5. In Wallace v. United States, 8 Cir., 174 F.2d 112, cert. den. 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749, the contention was made that appellant was prevented from taking an appeal by agents of the Government and that the entire record was open to review to the same extent as though an appeal had actually been taken. In ruling on the question, this court stated, 174 F.2d pp. 118–119: "He [Wallace] makes no contention and no showing that those who had him in charge deliberately obstructed his efforts or frustrated his intention to take an appeal. The most that can be said is that he claims that circumstances beyond his control prevented his filing a notice of appeal in time. That, however, was not a deprivation of due process, nor would it invalidate his sentence. [Citing cases.] It is safe to say that excuses for not taking an appeal are not the equivalent of taking an appeal, even in a criminal case."

lateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."

The motion, record and files conclusively demonstrate no basis for vacating the judgment and sentence. Accordingly, the order appealed from is

Affirmed.