Larry C. GLOUSER and Raymond P. Gearhart, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 17770.

United States Court of Appeals Eighth Circuit.

Jan. 15, 1965.

Larry C. Glouser and Raymond P. Gearhart, pro se.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, for appellee, and Philip T. Riley and Jerry E. Williams, Asst. U. S. Attys., Des Moines, Iowa, filed brief.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

Larry C. Glouser and Raymond P. Gearhart, Jr., appellants, were tried to a jury in January of 1959 in the United States District Court for the Southern District of Iowa and convicted on each count of a three-count indictment. Both defendants were sentenced to a term of five years' imprisonment on each count, all terms ordered to run consecutively. Motions for new trial were timely filed and overruled on January 13, 1959. Neither defendant appealed his conviction.

A description of the offenses and the facts upon which the convictions were obtained are summarized in Glouser v. United States, 296 F.2d 853 (8th Cir. 1961), cert. denied 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962), a proceeding on motion to vacate and set aside the sentences under 28 U.S.C.A. § 2255, which was denied and affirmed upon appeal.

After commencement of service of sentence imposed on January 13, 1959, the appellants filed on February 25, 1959, a joint motion for reduction of sentence under Fed.R.Crim.P. 35. The District Court on March 5, 1959, in the absence of appellants, entered an order suspending the sentence on Count III of the indictment and imposed instead a five year probationary sentence to commence upon appellants' release from imprisonment after service of the consecutive sentences imposed on the first two counts of the indictment.

On March 4, 1964 appellants filed another motion under Rule 35 to correct or vacate the March 5, 1959 probationary sentence. The District Court by memorandum order entered June 19, 1964 ruled the March 5, 1959 amendatory sentence order void and ordered the appellants brought before the District Court on July 23, 1964 with counsel for the purpose of resentencing. After a hearing, the court entered an order re-imposing the original sentence of January 13, 1959 providing that the time served by appellants be applied thereon. The instant appeal is from this order.

The crux of this appeal is the validity of the March 5, 1959 order of the District Court entered after appellants had begun serving the first term of their consecutive sentences. Appellants present an incongruous position as to the March 5, 1959 sentence. They attack the sentence as being void on the grounds that the District Court had no right to grant probation after commencement of service of the original sentence and in their absence. Yet appellants maintain the efficacy of this void sentence to eradicate the five year terms originally imposed under Count III of the indictment. If, however, the March 5, 1959 sentence is invalid, it is a nullity for all purposes and cannot possibly have any effect on the original sentence.

The March 5, 1959 order was void. It attempted to substitute probation for the final five year sentences originally imposed after appellants had commenced service of the first term of their consecutive sentences. Time within which probation may be granted is governed by the Probation Act, 18 U.S.C.A. §§ 3651–56, not Rule 35. See Phillips v. United States, 212 F.2d 327, 334 (8 Cir.

1954). Under 18 U.S.C.A. § 3651, the District Court loses its power to suspend the execution of any part of a sentence and impose in lieu thereof probation once the judgment of conviction has been executed and the defendant has begun service of his sentence. Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955); United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928); Phillips v. United States, supra.

■ Appellants now seek review of alleged errors in the admissibility of evidence in the original prosecution from which there was no appeal. Their premise is that the resentencing in July of 1964 is an appealable final judgment. The District Court in its order of June 19, 1964 declared that the order of sentence made on March 5, 1959 was void. That Court recognized the lack of necessity for resentencing:

> "The original judgment in this cause is in every respect valid and it is quite probable that merely setting aside the Order reducing entered as of March 5, 1959, would restore the judgment entered as of January 9, 1959."

The only reason the appellants were brought before the court at that juncture was to avoid further complaint on their part against action by the court in their absence.

The resentencing order of July 1964 was merely a nunc pro tunc restoration of the original sentence. The resentencing was unnecessary and was not a final judgment of conviction. The only finality of the 1964 order of the District Court was the holding that the March 5, 1959 order was illegal and void. The original judgment of conviction being valid, the District Court would necessarily be without jurisdiction to enter an order years later altering its validity.

■ The appellants attempt to utilize an order made on their motion under Rule 35 to have this Court consider alleged errors relating to the admissibility of evidence in the original trial. They undertook the same tactics in their § 2255 petition in Glouser v. United States, supra. We there held (296 F.2d 853, 856 and 857):

> "Other alleged errors urged by appellant relate to admissibility of evidence, and cannot be cognizable upon collateral attack but are reviewable only in direct appeal from the judgment of conviction. (Citing cases).
>
> \* \* \* \* \* \*
>
> "We are persuaded to believe that this contention is an afterthought conceived and designed for the purpose of having us make an exception to the rules governing appeals."

We also found that the appellants, represented by able counsel, were fully aware of their right to appeal but apparently elected not to do so.

For the same reasons that appellants were unsuccessful under § 2255 in reviewing the question of the admissibility of evidence at their trial, they cannot now accomplish by a different collateral attack another substitute for a timely appeal. Johnston v. United States, 331 F.2d 997 (10th Cir. 1964); Willis v. United States, 289 F.2d 581 (8th Cir. 1961), cert. denied 368 U.S. 856, 82 S.Ct. 93, 7 L.Ed.2d 53 (1961); Callanan v. United States, 274 F.2d 601 (8th Cir. 1960), cert. granted 362 U.S. 939, 80 S.Ct. 807, 4 L.Ed.2d 769 (1960), aff'd. 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961).

The original sentences of January 13, 1959 are valid and in effect. The judgment of the District Court declaring the March 5, 1959 sentences void is affirmed.