**Larry Charles GLOUSER, #76446,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 9–2422–C–2.**

United States District Court,
S. D. Iowa, C. D.

Oct. 14, 1970.

Theodore T. Duffield, Des Moines, Iowa, for petitioner.

Claude H. Freeman, Asst. U. S. Atty., Des Moines, Iowa, for respondent.

MEMORANDUM AND ORDER.

HANSON, District Judge.

This ruling is predicated upon petitioner's motion pursuant to Title 28, U.S.C., Section 2255, to vacate and set aside his conviction and sentence.

Petitioner Glouser was found guilty on January 9, 1959, by a jury on three criminal counts and sentenced to five years on each count. The conviction and sentence imposed upon petitioner were not directly appealed, but have been subjected to a series of collateral attacks, ultimately to no avail. Glouser v. United States, 296 F.2d 853 (8th Cir. 1961), cert. den., 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962); Glouser v. United States, 340 F.2d 436 (8th Cir. 1965). The instant motion, which is based upon petitioner's contention that he was denied effective assistance of counsel during the appeal stage following his conviction, was overruled earlier by this court in the belief that the issue of counsel abandonment had been previously decided by the Eighth Circuit Court of Appeals.

On appeal of this Court's order denying relief, the Eighth Circuit concluded that petitioner had never had a plenary hearing on his contention that his appointed counsel abandoned him for purposes of appeal and consequently vacated the order. The cause was remanded to this Court for a plenary hearing which was held on September 9, 1970, in Des Moines, Iowa.

I

Petitioner generally alleges that his then court-appointed counsel, Mr. Roy Meadows, failed to file a notice of appeal despite petitioner's timely instruction that he desired to appeal his conviction. Petitioner concedes that, following the expiration of the 10-day period within which notice of appeal may be filed pursuant to Rule 37, Mr. Meadows did act in petitioner's behalf as retained counsel, seeking a reduction in petitioner's sentence. At least part of an agreed-upon fee was paid to Mr. Meadows for this service by petitioner's mother. It is the alleged failure of Mr. Meadows in his capacity as court-appointed counsel, to file proper notice of appeal upon petitioner's alleged timely request that is attacked as abandonment of counsel.

Recent criminal decisions have established that failure of counsel to take the simple step of filing a notice of appeal when requested by his client to do so constitutes ineffective assistance of counsel. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) affirming 363 F.2d 154 (8th Cir. 1966); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Williams v. United States, 402 F.2d 548 (8th Cir. 1968). Furthermore, these cases have held that such a rule applies retroactively.

## II

At the instant hearing, petitioner testified that, upon pronouncement of judgment on January 9, 1959, he was incarcerated immediately in the Polk County Jail until January 26 when he was removed to the federal penitentiary. He stated that Attorney Meadows visited him in the County Jail sometime between the 13th and 20th days of January, 1959, to inform him of the trial court's denial of the motion for new trial. Petitioner could not be more specific as to the date.

Petitioner's version of that conversation with his counsel was:

(1) that Mr. Meadows told him that three substantial errors had occurred at trial which could provide the basis for appeal;

(2) that petitioner then informed Mr. Meadows that he wanted to appeal, but was told that, as the court appointment had terminated, Mr. Meadows would require Seven Hundred Fifty dollars to prosecute the appeal to the Eighth Circuit Court of Appeals;

(3) that petitioner did not have any funds;

(4) that while Mr. Meadows was yet at the Polk County Jail, petitioner telephoned his mother, Mrs. Evelyn Smith, at Omaha, Nebraska, to request funds, which his mother informed him were not immediately available;

(5) that in his presence, Mr. Meadows then discussed the matter over the telephone with petitioner's mother and, after closing the telephone conversation, Mr. Meadows told petitioner in essence that some arrangement would be "worked out" with his mother and that petitioner should not worry any more about the matter of his appeal.

Petitioner testified that he was not contacted again by anyone until some time in March 1959 when his mother informed him that she had not been able to come up with the funds demanded by Mr. Meadows for prosecuting an appeal,

but for a lesser sum Mr. Meadows had agreed to present a motion for reduction of petitioner's sentence. This action subsequently resulted in the third of petitioner's three consecutive sentences being reduced to probation.[1] Petitioner also testified that he did not then know of the 10-day requirement for filing notice of appeal pursuant to Rule 37, but discovered this only as he began to proceed pro se in his later attempts to attack the judgment.

Petitioner's mother appeared on his behalf and testified in substance that Mr. Meadows told her that he would need Seven Hundred Fifty dollars in order to appeal her son's case and that she could not raise the money. She further testified that as a result of further conversations among herself, Mr. Meadows and the mother of petitioner's co-defendant, it was agreed that Mr. Meadows would present a motion for reduction of sentence on behalf of both defendants. Petitioner's mother stated that she paid Thirty-five dollars to Mr. Meadows as partial payment for this service but found herself unable to pay the balance which continues unpaid.

Attorney Meadows appeared as the only witness for the government. His testimony was substantially that he had little or no independent recollection of the events following petitioner's conviction in January, 1959. On direct examination, he did state that a memorandum within his file on petitioner's case indicated that he had spent about half an hour in conference with petitioner on January 14, 1959. Mr. Meadows further added that he had no recollection of discussing the possibility of appeal with petitioner although he felt that he would have advised petitioner that an appeal would be unsuccessful. Neither could Mr. Meadows recall during direct examination that he discussed the perfection of an appeal with petitioner's mother although he had some memory of agreeing to attempt to reduce sentence and that money was still due him for this service.

---

1. This order, entered by the trial court on March 5, 1959, was later held to be void. 340 F.2d 436.

Testifying from his records, Mr. Meadows said that he had no personal contact with petitioner following January 14, 1959, and that the only subsequent communication consisted of a letter dated May 19, 1959, from petitioner (Respondent's Exhibit No. 1) to which he replied on May 25 (Respondent's Exhibit No. 2). Attorney Meadows concluded that his present opinion was that, had petitioner requested him to perfect an appeal, he would have filed a notice of appeal.

On cross-examination, Mr. Meadows stated that he had no specific recollection of advising petitioner as to the time requirements for appeal.

■ At face value, the evidence in the hearing consists of self-serving allegations by petitioner, in part corroborated by the testimony of his mother, which respondent was unable to respond to because of lack of recollection by the only witness.[2]

This Court has no reason to doubt that Attorney Meadows' inability on the witness stand to recall the events following petitioner's conviction more than eleven years earlier reflected any lack of good faith.

The Court is unable to accord much weight to the testimony of petitioner's mother. She appeared to be easily confused in the matter of particular details.

Accordingly, it is the testimony of the petitioner himself to which the Court must look in evaluating the merits of his contentions. The Court confesses that it is troubled considerably by the problems of determining a factual issue occurring eleven years previously by such slender evidence.

■ The fact that petitioner's allegations are self-serving does not in itself mean that they are to be accorded any less weight than if uttered by another individual. But where such allegations can neither be corroborated nor contradicted by other testimony, this Court will examine the record scrupulously in an effort to evaluate their veracity.

The record reveals that petitioner filed a motion pursuant to 28 U.S.C.A., Section 2255, to vacate and set aside the judgment and sentence in his conviction on October 3, 1960, after the trial court earlier denied leave to proceed in forma pauperis. In that motion, petitioner alleged the following:

"Petitioner sincerely contends that this case should have been legally corrected by direct appeal to the United States Court of Appeals in and for the Eighth Circuit. This action is now brought at this late date because Petitioner is a very poor person and was without the proper funds in which to obtain competent legal counsel to present and sue out a direct appeal of this unconstitutional conviction in the Appellate Court. Petitioner's Court appointed counsel abandoned this case because Petitioner lacked sufficient funds of which to retain him to prepare and perfect an appeal so that the Appellate Court might review this unconstitutional conviction."

Thus, petitioner had put the substance of the present issue on record little more than one and one-half years after the entry of judgment, and almost nine years prior to the decision in Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). Petitioner's testi-

2. In concluding statements, the government urged that petitioner, by his own testimony, had failed to meet his burden of showing that he had requested counsel to appeal within the 10-day period following entry of judgment on January 9, inasmuch as he testified that he had discussed the matter with Attorney Meadows sometime during the period of January 13 through January 20. Since the Court finds as a matter of fact that petitioner's only conference with counsel occurred on January 14, this particular question needs no further discussion. It should be pointed out that, pursuant to Rule 37(a) (2), Fed.Rules Crim.Proc., where a motion for a new trial has been made within 10 days after entry of a judgment, an appeal from the judgment of conviction may be taken within 10 days after entry of the order denying the motion.

mony at the instant hearing corroborated the above-quoted portion of the 1960 motion.

This Court had occasion in 1964 to question closely the petitioner in proceedings to restore the original judgment. The Court repeatedly interrogated petitioner as to whether he had any other complaints as to the validity of his sentence to air before the Court. Petitioner, then represented by retained counsel, made no mention of having been abandoned for purposes of appeal by his court-appointed counsel. Why petitioner declined to raise the abandonment issue before this Court in 1964 is something that the Court cannot now fathom. Petitioner may have shared the misapprehension of this Court that the issue had been raised previously and resolved in respondent's favor by the Eighth Circuit. 296 F.2d 853, 856–857.

Petitioner's answers on the witness stand in direct and cross-examination were prompt and generally responsive. He manifested no perceptible nervousness nor lack of confidence in his answers.

### III

Based upon the evidence presented at the hearing on September 9, and the record, the Court now finds:

1) Petitioner, Larry Charles Glouser, was convicted on three counts on January 9, 1959, following trial in which he was represented by court-appointed counsel, Attorney Roy Meadows.

2) Petitioner, through his court-appointed counsel, requested that the trial court pass sentence immediately, subject to a motion for a new trial.

3) Petitioner was incarcerated in Polk County Jail following passing of sentence on January 9, and remained therein until transferred to the federal penitentiary on January 26, 1959.

4) Attorney Meadows, in his role as court-appointed counsel, filed a motion for a new trial before the trial court on January 12, 1959. This motion was overruled on January 13, 1959.

5) Attorney Meadows visited petitioner at the Polk County Jail on January 14, 1959, and informed him of disposition of the motion for a new trial. During the ensuing conversation, petitioner informed Attorney Meadows of his desire to attack the conviction.

6) At that time Attorney Meadows did inform petitioner and later petitioner's mother that his services as court-appointed counsel had terminated, and that he would have to be privately retained in order to perfect an appeal on petitioner's behalf.

7) Attorney Meadows and petitioner had no further personal contact following the January 14 conversation in Polk County Jail and no contact of any sort concerning the preparation of an appeal.

8) Attorney Meadows and petitioner's mother did agree at some date between January 14 and February 25, 1959, that the former would be privately retained to present a motion for reduction of petitioner's sentence (as well as for petitioner's co-defendant). Pursuant to this agreement, Attorney Meadows did file such a motion on February 25, and orally argued the same before the trial court on March 4, 1959.

9) Attorney Meadows did not file a notice of appeal on behalf of petitioner, nor does the record reveal that he informed the trial court of petitioner's desire to appeal.

10) Petitioner was not aware of the existence or implications of Rule 37, Fed. Rules Crim.Proc., during the time period wherein notice of appeal was required to be filed.

This Court is unable to say whether petitioner knew, during the time in which notice of appeal was required to be filed, that Attorney Meadows would not file notice of appeal or otherwise perfect the appeal. But, it is apparent that Attorney Meadows, during this same period, was aware that petitioner desired to challenge his conviction, and the Court so finds.

## IV

The Criminal Justice Act of 1964, 18 U.S.C.A. Section 3006A(b), provides that counsel will be appointed to represent a defendant charged with a felony (or a misdemeanor other than a petty offense) if the accused is financially unable to obtain counsel. "A defendant for whom counsel is appointed shall be represented at every stage of the proceedings * * * through appeal." Id., Subs. (c).

Rule I of the Plan For Providing Representation on Appeal Under the Criminal Justice Act of 1964 in the Court of Appeals for the Eighth Circuit squarely places the obligation on court-appointed counsel to advise the defendant of his rights of appeal and to counsel on appeal, and to file upon request a timely notice of appeal, and provides such counsel *shall continue to represent the defendant unless and until relieved by the court.*

Judge Van Oosterhout, speaking for the Court, observed that the provisions of the Criminal Justice Act and the Judicial Council's rules implementing the Act merely state the policy in existence within the Eighth Circuit prior to their adoption. Williams v. United States, 402 F.2d 548, 551 (1968). The Court there held that the failure of court-appointed counsel to file a notice of appeal during the period allowed for taking an appeal when counsel understood that his client desired to appeal was abandoned by counsel although the trial occurred prior to enactment of the Criminal Justice Act. This failure was held to constitute a deprivation of the federally-charged defendant's constitutional right to appellate review of his sentence. Even prior to Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), it had been held that federally-appointed counsel were obligated to advise convicted clients of their rights to appeal and to be represented by appointed counsel. Boruff v. United States, 310 F.2d 918, 920–921 (5th Cir. 1962).

The Eighth Circuit has affirmed the retrospective application of the *Douglas* ruling to state convictions that had become final prior to the enunciation of the *Douglas* rule on assistance of counsel for an indigent on appeal. Swenson v. Donnell, 382 F.2d 248 (1967). The Court of Appeals elaborated upon *Donnell* in Maness v. Swenson, 385 F.2d 943 (1967), where it held that the critical issue in applying *Douglas* retrospectively was whether the state prisoner had desired to appeal from the conviction or whether he knowingly and voluntarily waived his right to appeal.

■ This Court does not understand that counsel is obligated to file a notice of appeal where the defendant's desire is a fleeting and immature impression that is subsequently and voluntarily abandoned after careful counseling as to the possible merits of an appeal. But if abandonment of the desire to appeal is predicated upon the accused's misapprehension as to the financial cost to himself or to his family where he has not been informed of his right to appointed counsel, the accused has not knowingly waived his right to appeal under the principles of Swenson v. Bosler, *supra.*

■ Petitioner not only had the right to court-appointed counsel at the appeal stage if he was financially unable to retain counsel, but that right must be evaluated independently of whether petitioner was able to retain counsel at some later and different stage. Conversely, under the Eighth Circuit rules as applied retrospectively, if petitioner had court-appointed counsel obligated to represent him in the appeal stage, representation by that attorney as retained counsel at some later and different stage is not relevant to the determination of whether counsel, under the obligation of his appointment, abandoned petitioner for the purpose of appeal.

■ Attorney Meadows, in his court-appointed role, was obligated to timely inform petitioner of his rights to appeal and to be represented on appeal by appointed counsel, and was obligated to file a notice of appeal if petitioner timely notified him of the desire to appeal. No entry of record reveals that Attorney Meadows was relieved of his appointment

prior to termination of the period for appeal, nor did he so indicate in his testimony at the hearing.

Under *Douglas, Maness* and *Williams, supra,* the crucial question is whether petitioner desired to appeal and so informed counsel. Of course, if Attorney Meadows—and the Court—failed to inform petitioner of the 10-day limitations for giving notice of appeal, an untimely communication by petitioner to counsel could not logically be held to constitute a knowing and deliberate waiver. See Boruff v. United States, *supra.* Whether petitioner could foresee that his court-appointed counsel would perfect the appeal or whether said counsel felt an appeal to be unmeritorious and so informed petitioner, is irrelevant. If court-appointed counsel knew of petitioner's desire to appeal, counsel was obligated to file notice of appeal. If Attorney Meadows thereafter failed to file the notice of appeal although unrelieved of his court appointment, this failure constituted abandonment of counsel, notwithstanding that he represented petitioner later as retained counsel in a motion for reduction of sentence.

This Court wishes to emphasize that he has reviewed exhaustively the entire record of this matter. The Court is satisfied that Attorney Meadows provided petitioner with capable trial counsel equal to the highest professional standards. Notwithstanding that decisions concerning the duties of appointed counsel have been applied retroactively, this is an area of law that has changed substantially in the last decade, often confounding counsel in the process.

■■ Under the law of this Circuit as applied to the Court's finding of facts, this Court must hold that petitioner was deprived of his constitutional right to effective assistance of counsel at the critical time between sentence and the expiration of the time to appeal and that he was thereby deprived of his constitutional right to appellate review of his conviction. The objective of granting petitioner an appellate review of which he has been unconstitutionally deprived is best accomplished by means of vacating the sentence and resentencing, the time for appeal to run from the date of the resentence. Williams v. United States, *supra.* This procedure appears to conform with the intent of the Eighth Circuit in Glouser v. United States, No. 20,200 (July 22, 1967 [sic]) remanding the case to this Court.

Accordingly, it is ordered that the judgment of sentence imposed upon petitioner on January 9, 1959, be and is hereby vacated, and

It is further ordered that the nunc pro tunc restoration of the original sentence as ordered by this Court on July 23, 1964, be and is hereby vacated, and

It is further ordered that petitioner shall be brought before this Court as promptly as is convenient to petitioner and to his counsel for resentencing pursuant to the verdicts of guilty returned against petitioner on January 9, 1959, and

It is further ordered that the appointment of Theodore T. Duffield, 729 Insurance Exchange Building, Des Moines, Iowa, to represent petitioner at the instant hearing be and is hereby continued under the provisions of the Criminal Justice Act to represent petitioner at the time of resentencing and for the perfection of any appeal which petitioner might desire to take therefrom.