57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Delroy CHANCE, Defendant-Appellant.
 No. 94-3151.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1995.
As Amended Sept. 13, 1995.
 
 Before: NORRIS and SILER, Circuit Judges; and NEWBLATT, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Delroy Chance challenges the district court's denial of his motion to vacate sentence and resentence defendant to recommence the time period for direct appeal.
 
 
 2
 For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 3
 On June 16, 1993, Chance was sentenced after conviction of several drug offenses in the district court. As defendant admits, due to his own "inadvertence," he neglected to file a timely notice of appeal with the district court within the ten-day period permitted by Federal Rule of Appellate Procedure 4(b). Thereafter, defendant requested, and the district court granted, court-appointed counsel. On November 12, 1993, over four months from the time of entry of the judgment, defendant, through counsel, filed a motion with the district court to vacate sentence and to be resentenced. The only reason for the motion was to recommence the time for filing a notice of appeal under Rule 4(b).
 
 
 4
 The district court, after determining that it lacked jurisdiction over the case as Rule 4(b)'s time limit had run, denied defendant's motion. The court recommended instead that defendant file a motion under 28 U.S.C. Sec. 2255 requesting the court to vacate the sentence. Defendant, however, moved the court for reconsideration of its ruling, which was denied. Defendant now challenges the district court's decision.
 
 II.
 
 5
 Considering that defendant's appeal presents a question of law, we review the issue de novo. Rule 4(b) of the Federal Rules of Appellate Procedure provides:
 
 
 6
 [A] defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government .... Upon a showing of excusable neglect, the district court may--before or after the time has expired, with or without motion or notice--extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 
 
 7
 Hence, the rule offers a forty-day window in which to file a criminal appeal. It does not, however, give a district court the discretion to extend the time for filing past the thirty-day extension. Rather, the forty-day limit is jurisdictional in nature. Once the time for appeal has expired, the district court is "divested of all jurisdiction" over the case. United States v. Martin, 913 F.2d 1172, 1174 (6th Cir. 1990)(district court lacked jurisdiction to sua sponte enter a second judgment of conviction and commitment for a defendant once the time for appeal expired and defendant failed to invoke jurisdiction on other grounds); United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir. 1987)(Rule 4(b) mandatory and jurisdictional in nature). A "district court has no power to extend the filing period beyond the time limit proscribed by" Rule 4(b) and defendant's "failure to take any action whatever within 40 days of the entry of the judgment is invariably fatal." United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir. 1977).
 
 
 8
 The district court did not err in denying defendant's motion. First, as the aforementioned cases demonstrate, it was divested of jurisdiction over Chance's case once the forty-day period had lapsed. While Chance had the ability to invoke the district court's jurisdiction under a different procedure (i.e., Sec. 2255 motion), the district court lacked the power to vacate his sentence under the present procedure. Martin, 913 F.2d at 1173-74. Moreover, defendant's situation is not one of constitutional magnitude. Defendant freely admits that no notice of appeal was filed due to his own inadvertence, rather than an attorney's failure or the district court's failing to inform him of the filing requirement. Finally, defendant can cite no rule or case that provides the district court the power to grant this motion. Indeed, the only case cited by defendant in support, Glouser v. United States, 318 F.Supp. 175 (S.D. Iowa 1970), is inapplicable. Glouser held that, in a situation in which a defendant has been "unconstitutionally deprived" of a direct appeal, the best way of correcting this problem is to vacate the sentence and resentence the defendant in order to renew the time for appeal. Id. at 181. As Glouser was denied effective assistance of counsel "at the critical time between sentence and the expiration of the time to appeal and that he was thereby deprived of his constitutional right to appellate review of his conviction," id. at 180, the district court granted his motion to vacate. In contrast, Chance does not argue that he was unconstitutionally deprived of his right to appeal. For this reason, we find Glouser to be unpersuasive.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Stewart Newblatt, United States District Judge for the Eastern District of Michigan, sitting by designation