SWENSON, WARDEN *v.* BOSLER.

No. 759.   Decided March 13, 1967.

*Norman H. Anderson,* Attorney General of Missouri, and *J. Gordon Siddens* and *Howard L. McFadden,* Assistant Attorneys General, for petitioner.

PER CURIAM.

Petitioner seeks certiorari from a judgment of the Court of Appeals holding invalid under the doctrine of *Douglas* v. *California,* 372 U. S. 353, the State of Missouri's former practice of deciding direct criminal appeals by convicted indigent defendants without the appointment of appellate counsel. We grant the writ of certiorari and, for the reasons below, we affirm.

Under Missouri criminal practice, a convicted defendant's motion for new trial must set forth in detail his specific grounds for relief; and in general, a Missouri appellate court may not consider on appeal questions which were not first presented to the trial court in a motion for new trial. See *State* v. *Mallory,* 336 S. W. 2d

383 (Mo. Sup. Ct.), cert. denied, 364 U. S. 852; *State v. Davis,* 251 S. W. 2d 610, 615–616 (Mo. Sup. Ct.); Mo. Sup. Ct. Rule Crim. Proc. 27.20. Prior to March 1, 1964, Missouri had no rule requiring appointment of appellate counsel for indigent defendants.* If trial counsel filed a motion for new trial and notice of appeal and then withdrew from the case, the Supreme Court of Missouri would require preparation of the transcript for appeal and then would consider the questions raised by the motion for new trial on the basis of *pro se* briefs by the defendant-appellant, or on no briefs at all. This is what occurred in this case. We agree with the Court of Appeals that this procedure violated respondent's Fourteenth Amendment rights, as defined in *Douglas,* even though respondent's trial counsel filed the notice of appeal and a motion for new trial which specifically designated the issues which could be considered on direct appeal. The assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the trial transcript may well be of substantial benefit to the defendant. This advantage may not be denied to a criminal defendant, solely because of his indigency, on the only appeal which the State affords him as a matter of right.

---

*On July 9, 1963, after the *Douglas* decision, Missouri altered its appellate practice by adding Subsection (c) to Rule 29.01 of the Supreme Court's Rules of Criminal Procedure, effective March 1, 1964:

"(c) When a defendant is convicted of a felony, is sentenced therefor and desires to appeal, if it appears from a showing of indigency that the defendant is unable to employ counsel the trial court shall appoint counsel to represent him upon such appeal; such counsel may, in the discretion of the court, be the same counsel who represented the defendant at the trial or other counsel."

Petitioner contends that, since the District Court did not hold a hearing to determine whether respondent actually requested the appointment of appellate counsel, the record as it presently exists does not support the Court of Appeals' express conclusion that respondent did make such a request. Respondent included in the appendix to his petition to the District Court a copy of the full transcript of his Missouri trial, the accuracy of which petitioner does not contest. We think the documents contained in this transcript demonstrate that respondent did indicate to the Missouri courts his desire for counsel on appeal. But even if such a request had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled "that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Carnley* v. *Cochran*, 369 U. S. 506, 513. When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.

*Affirmed.*