[Crim. No. 8347.   Second Dist., Div. Four.   July 10, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. MICKEY NAKAMURA CHUNG, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was convicted of two counts of robbery. He appealed in propria persona. No request for the appointment of counsel was made. No brief was filed and, on September 6, 1962, the appeal was dismissed under rule 17a of the California Rules of Court.

Defendant has recently retained counsel through whom he has filed a motion seeking recall of our remittitur and vacation of the judgment of dismissal. The motion, which relies on *Swenson* v. *Bosler* (1967) 386 U.S. 258 [18 L.Ed.2d 33, 87 S.Ct. 996], *Carnley* v. *Cochran* (1962) 369 U.S. 506 [8 L.Ed. 2d 70, 82 S.Ct. 884], and *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], cites

the earlier history of this case and of the companion case involved in our Crim. No. 8084. The motion takes into account the fact that, unlike Case No. 8084, no request for counsel was made in this case and seeks to avoid the effect of that omission by the following argument: ''Defendant having theretofore, in Case No. 2d Crim. 8084, filed with said court a request for the appointment of counsel and being cognizant of the procedure and requirements of said appellate court for the appointment of counsel, and of the denial of said court for the appointment of counsel in Case No. 2d Crim. 8084, and not being fully cognizant of his right under the United States Constitution to the appointment of counsel, failed to request said court to appoint counsel on appeal, and although the appellate court was aware that the defendant had prosecuted his trial in propria persona, said court failed and neglected to appoint counsel for him.

''The defendant, not being fully cognizant of the method and manner of preparing and filing a brief on appeal, nor fully cognizant nor capable of researching the points on appeal, being unable to prepare and file a brief on appeal, failed to file said brief, and by reason of defendant's failure to file a brief on appeal, the appeal was dismissed by this Court.''

In opposing the motion, the Attorney General argues: (1) That the application, made almost five years after the dismissal, comes too late; and (2) That the right to counsel was waived.

For the reasons set forth in our opinion in Crim. No. 8084, the first contention is not valid. But we conclude that the Attorney General is correct in his second contention.

We recognize that, in *Swenson* v. *Bosler, supra,* (1967) 386 U.S. 258, 260 [18 L.Ed.2d 33, 36, 87 S.Ct. 996, 998], the Supreme Court of the United States said: ''When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.'' But in the case now before us, the record discloses much more than a mere failure to request counsel. We conclude that it shows an intentional waiver of the right to make such a request by an appellant who knew that such a right existed.

Clearly, defendant knew that he could seek the appointment of counsel on appeal. As his present motion discloses, he had

made such a request shortly before in Case No. 8084. The notice sent to him by this court, in that case, had told him that such an application would result in an examination of the record by the court and that counsel would be given him if that examination disclosed any grounds for believing that such appointment would be useful either to defendant or to the court. He had not arbitrarily been denied counsel and had no justification for believing that an application in case No. 8347 would not have received the same consideration, on its merits, as had been given the application in Case No. 8084. It is true that he, and we, now know that he was entitled to more than he was given in Case No. 8084, but that does not excuse his failure (now admittedly intentional) to seek at least as much as California law gave in 1962.

In addition, defendant filed no brief or any other statement in support of his appeal. He had, with firmness, rejected the assistance of counsel in the trial court and, as the record of that trial shows, had conducted his own defense there with some adequacy. In the light of that fact, we cannot take seriously his present claim (presented to us only through the mouth of counsel) that he had failed to file a propria persona brief in Case No. 8347 because he was ignorant of the procedure on appeal and of possible arguments. In short, he intentionally rejected the known opportunity to have this court search the record for potential error and the opportunity personally to call to our attention any errors that he felt justified his appeal. Under these circumstances, the language above quoted from *Swenson* v. *Bosler* is not here applicable.

The motion is denied.

Files, P. J., and Jefferson, J., concurred.