LEO WILLIAMS *v.* STATE OF ARKANSAS

5300                                          419 S. W. 2d 615

Opinion delivered October 9, 1967
[Rehearing denied November 13, 1967.]

*Paul B. Gean,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Leo Williams was convicted of possessing marijuana and on two counts of dispensing the drug. Williams filed a petition under our post-conviction procedure, Rule I. He alleged eight constitutional rights to have been violated in the process of arrest, arraignment, and trial. Additionally, he alleged denial of due process in that he was denied the right of appeal. The trial court found no merit in the allegations.

Only one point is argued on appeal: "The failure of the trial judge to appoint an attorney for appeal in

effect denied Mr. Williams of his constitutional guarantee of due process."

The right of an indigent defendant to appointment of appellate counsel was pronounced in the recent case of *Swenson. Warden* v. *Bosler,* 386 U. S. 258 (1967):

"When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from the defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel."

At the post-conviction hearing, which is the basis of this appeal, Williams testified that he informed court-appointed trial counsel of his desire to appeal. He further asserted that trial counsel assured him the appeal would be taken. Trial counsel disputed those assertions and his testimony may be summarized as follows:

He had known Williams for a number of years and they were friends; he talked to Williams after the arrest but before he was appointed; when the verdict was returned "I told him at that time that if he wanted to take an appeal to let me hear from him." On the day of sentencing "he asked me about appealing the case." Williams did not indicate he wanted to appeal. The procedure for filing a motion for a new trial was explained to Williams and he was instructed to let the attorney know of his decision. In order to protect Williams' right of appeal, counsel, on his own initiative, filed a motion for new trial. (Sixteen days intervened between the trial and the order denying a new trial.) Neither Williams nor his wife ever contacted the attorney.

Williams conceded that, although he was permitted to write seven letters each week, he did not write the

attorney from the penitentiary. His explanation for that was that he was not permitted, according to trusties and inmates, to contact a lawyer. He instructed his wife to contact trial counsel. Williams' wife did not testify and her absence is not explained.

The trial court believed the testimony of the attorney. The credibility of Williams' testimony is discounted when we examine his account of the original trial procedure. For example, he testified at the post-conviction hearing that the judge and prosecuting attorney selected the jurors who tried him. The painstaking procedure by which the jury was selected is in the transcript of that trial and is filed here with the post-conviction transcript. The same record refutation of most of Williams' eight points also appears in the trial transcript.

It is not contended that the trial judge had any reason to believe Williams desired an appeal. On sentencing day the trial judge inquired of Williams whether he had anything to say. Williams replied negatively.

The effect of the trial court's adverse finding against Williams was to hold that Williams did not bring himself within the "rule of manifestation" in *Swenson.* We agree. Further, since Williams was advised of his right to appeal and instructed to contact the attorney, his failure to do so within sixteen days constituted a knowing and an intelligent waiver.

Although they are not argued here, the other eight points are listed in the abstract. The trial court properly made a specific finding in respect to each one. As to those findings, we hold there was no error.

Affirmed.