THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* URBANO SÁNCHEZ VEGA, k/a PAPOLO, Defendant and Appellant.

No. CR-63-381.     Decided February 15, 1968.

Santos P. Amadeo for appellant. J. F. Rodríguez Rivera, Acting Solicitor General, and Lolita Miranda, Assistant Solicitor General, for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On May 13, 1963, Urbano Sánchez Vega was convicted of arson in the first degree, and sentenced to serve an indeterminate sentence of from ten to fifteen years in the penitentiary. He appealed in his own right.[1]

The record on appeal began with the filing of a motion prepared by appellant personally, requesting to post bail bond while the appeal was pending. On January 16, 1964, a division of this Court denied said motion after "the transcript of the evidence . . . and the other evidence in the record, particularly the photographic evidence and defendant's confession admitted by the trial court having been carefully examined . . . ." By that time appellant had filed his brief in which he assigned and discussed several errors. Once the Solicitor General presented his reply brief we considered the contentions, and on June 5, 1964, we delivered a per curiam opinion, affirming the judgment appealed from.[2]

---

[1] The original record reveals that appellant was represented by Mr. Víctor Velasco Gordils of the Legal Aid Society in the incident on the approval of the transcript of the evidence, and by Mr. Luis Torres Bonet in a motion on the fixing of the bail pending appeal.

[2] We copy herein the per curiam opinion delivered on June 5, 1964, because it was not published in the corresponding volume of Puerto Rico Reports.

"Per Curiam: The prosecuting attorney filed an information against Urbano Sánchez Vega for the crime of arson in the first degree, 33 L.P.R.A. § 1568, consisting in that he maliciously burned at nighttime an inhabited building. The jury who sat at the trial rendered a verdict of guilty 'with clemency,' and he was sentenced to serve an indeterminate sentence of from 10 to 15 years in the penitentiary.

On May 1, 1967, Sánchez Vega, represented by Mr. Santos P. Amadeo, filed a motion in the nature of coram nobis[3] in which he alleges that because he is an indigent appellant —he had been defended by the Legal Aid Society and the preparation of the stenographic record had been requested

"The evidence for the prosecution consisted in the written confession of defendant given before the justice of the peace of Guaynabo, and in certain circumstantial evidence in order to establish that defendant had had a quarrel the day before the crime with the owner of the building which was burned, that later he bought a gallon of gasoline, and that the container of this inflammable liquid was found near appellant's house. Several photographs, which show the damages caused by the fire, were also admitted in evidence. If this evidence is believed, as it was, it is sufficient to support the conviction. *People* v. *Palóu*, 80 P.R.R. 351 (1958) ; *People* v. *Pérez*, 35 P.R.R. 951 (1926). It is not necessary to establish either that the building set on fire was destroyed; it was sufficient that the fire was set so as to take effect upon any part of the substance of the building. Section 402 of the Penal Code, 33 L.P.R.A. § 1565; *People* v. *Palóu, supra*; *People* v. *Valentin*, 75 P.R.R. 787 (1954).

"Appellant argues that the conviction should be set aside because he was unlawfully arrested. The record reveals that the afternoon previous to the fire, Sánchez Vega went to the prejudiced party's house, bearing a machete, and there he threatened and provoked the latter and his relatives. Because of these facts, a warrant of arrest was issued against him for the offenses of aggravated assault and battery, carrying of weapons and breach of the peace, all being misdemeanors. This warrant was executed at night by members of the police (footnote 1: See § 120 of the Code of Criminal Procedure, 1937 ed., 34 L.P.R.A. § 247, in relation to Rule 10 of the Rules of Criminal Procedure of 1963), who at the same time arrested him to make an investigation in relation to the arson committed two hours before. As it shall be seen, the arrest made did not have any relation to the crime of arson, but although it were so, it would not frustrate the holding of the trial. The only result of the unlawfulness of the arrest is that the evidence obtained by virtue thereof would be inadmissible if it were opportunely requested prior to trial or at trial, *People* v. *Bonilla*, 78 P.R.R. 144 (1955). In this case evidence obtained at the time of arrest was not presented.

"Finally, the admissibility of the confession made is attacked, alleging that it was involuntary, achieved by coercion and fear, and after an unlawful arrest. There is nothing in the record to substantiate the errors assigned. *People* v. *Fournier*, 77 P.R.R. 208, 242 (1954)."

[3] At the time in which the motion was presented, Rule 192.1 of the Rules of Criminal Procedure, incorporated by Act No. 99 of June 2, 1967 (Sess. Laws, p. 323), concerning the remedies subsequent to the conviction, was not in force.

"free of charge because the defendant is insolvent" (Tr. of R. 62)—and since he was not represented by counsel on appeal, it was appropriate to set aside our judgment of June 5, 1964. He invoked the doctrine set forth a few days before by the Federal Supreme Court in *Swenson* v. *Bosler*, 386 U.S. 258 (decided March 13, 1967), which ratified and elaborated the doctrine established in *Douglas* v. *California*, 372 U.S. 353 (1963). We transferred the motion to the Solicitor General, so that he would inform us about the merits thereof.

■■ In *Douglas* v. *California*, *supra*, the petitioners had been convicted of various felonies after the holding of the trial in which they were represented by a public defender. They requested, and were denied, assistance of counsel on appeal, after the court of appeals had gone through the record, and had come to the conclusion that "no good whatever could be served by appointment of counsel." It was sustained that when it involves the one and only appeal an indigent has as of right, it constitutes a discrimination against the indigents, and therefore, depriving them of the assistance of counsel on appeal is contrary to constitutional law. It was also stated that this omission cannot be cured by the examination of the record by the court, since the convicted indigent had the right to make the contentions he deemed proper and sustain them with the statement of law he deemed applicable. *Swenson* v. *Bosler*, *supra*, explained and elaborated the previous doctrine, in holding that when it is manifest that a convicted indigent desires to make use of the right of appeal which is legally granted to him, and if he continues with the appeal, a

---

There is also pending before this Court an appeal filed by Sánchez Vega from the judgment rendered by the Superior Court, San Juan Part, on February 13, 1967, denying the petition for habeas corpus in which the sentence imposed on Sánchez Vega is collaterally attacked. The only contention in this appeal refers to the alleged refusal of the trial court to summon some witnesses for the defense.

waiver cannot be inferred from his failure specifically to request appointment of appellate counsel.[4]

As stated in *People* v. *López Rivera*, 89 P.R.R. 774 (1964), this Court has always been mindful of providing legal aid to indigent appellants.[5] Originally, it designated bar members; later, the Legal Aid Society. Recently, in order to establish this sound rule and to procure a uniform application we adopted Rule 12.2 of the Rules of Administration for the Court of First Instance, in force from May 3, 1966. Said rule reads:

"Rule 12.2. *Assistance of counsel in the Superior Court for perfecting the appeal*

"(a) Where an accused is represented during the trial before the Superior Court by an attorney of the Legal Aid Society and, if convicted, appeals from the judgment to the Supreme Court, it shall be the duty of the attorney subscribing the notice of appeal, or of the attorney designated therefor by the Legal Aid Society, to assist appellant in the appellate procedure until the appeal is perfected, unless appellant retains the services of an attorney of his choice to prosecute the petition for appeal and this fact is entered in the record.

"If the notice of appeal is subscribed by the accused, in his own right and not by the attorney of the Legal Aid Society, it shall be the duty of the Secretary of the trial court to inform this fact promptly to the judge, and the latter shall secure the legal representation of appellant during the prosecution of the petition for appeal, either by designating to him an attorney of

---

[4] See, *Smartt* v. *Bomar*, 340 F.2d 593 (6th Cir. 1965); *Horton* v. *Bomar*, 230 F.Supp. 271 (Tenn. 1964) and notes in 51 Cal. L. Rev. 970 (1963) and 77 Harv. L. Rev. 105 (1963).

[5] See, *Ex parte Rodríguez*, 55 P.R.R. 403 (1939), on appointment of counsel in cases of misdemeanor; *Capeles* v. *Delgado, Warden*, 83 P.R.R. 668 (1961), in habeas corpus proceedings before the courts of first instance; Rules 23a (preliminary hearing), 57 (arraignment), 159 (proceeding before the District Court), 192.1(b) (proceedings subsequent to the conviction). Likewise it has been the practice of this Court to appoint an attorney to indigent persons for appeals made before the Federal Supreme Court, as well as to order the preparation and translation of the corresponding record, Rule 21 of the Rules of the Supreme Court.

the Legal Aid Society, if appellant is insolvent, or including in the record the name of the attorney of appellant's choice and verifying that such attorney shall assist appellant in the petition for appeal.

"(b) If the accused is represented at the trial by an attorney of his choice and, if convicted, appeals from the judgment through his attorney, it shall be the latter's duty to assist him in the appellate procedure until the appeal is perfected. In the event of withdrawal of representation approved by the trial court, the judge shall adopt proper measures to assure legal representation to appellant for the purpose of perfecting the appeal, either by designating to him an attorney of the Legal Aid Society, if appellant is insolvent, or including in the record the name of the attorney of appellant's choice and verifying that such attorney shall assist appellant in the petition for appeal.

"If, after having been represented at the trial by an attorney of his choice, the convicted defendant appeals in his own right it shall be the duty of the Secretary to promptly inform such fact to the judge, and the latter shall assure the legal representation of appellant during the prosecution of the petition for appeal either by designating to him an attorney of the Legal Aid Society, if appellant is insolvent, or including in the record the name of the attorney of appellant's choice and verifying that such attorney shall assist appellant in the prosecution of the petition for appeal."

■ For some reason which we have been unable to determine from an examination of the record, no attorney was designated to assist Sánchez Vega on appeal. The fact that his contentions were considered and attention was scrupulously given to the circumstances surrounding the conviction, as evidenced by the per curiam decision delivered, does not preclude us from recognizing his right of legal aid on appeal. We cannot agree with the Solicitor General in giving only a prospective effect to the rule enunciated as of the date on which *Swenson* was decided. As a matter of fact, in view of the above-copied Rule 12.2, this situation must not recur; and, on the other hand, we do not anticipate that the administration of justice can be obstructed or delayed, since

the effect of the application of the aforementioned doctrine is not to recommence the defendant's prosecution, but only to grant him the opportunity of legal aid in the appeal before us.[6] *Cf. Swenson* v. *Donnell,* 382 F.2d 248 (8th Cir. 1967).

In view of the foregoing judgment will be rendered setting aside the judgment of affirmance rendered on June 5, 1964, and the record will be remanded to the trial court to act pursuant to the provisions in Rule 12.2 of the Rules of Administration for the Court of First Instance.

[6] Even when the counsel designated to represent appellant believes that the appeal lacks merits, it is his duty when telling the court so, to raise those points which can be object of consideration and discussion. *Anders* v. *California,* 386 U.S. 738, 744–745 (1967).