William Tyrone **HARRIS**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 25000.

United States Court of Appeals
Fifth Circuit.

July 12, 1968.

---

Robert E. Davis, Eugene L. Smith, Dallas, Tex., for appellant.

Allo B. Crow, Jr., Asst. Atty. Gen., Austin, Tex., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

## ON PETITION FOR REHEARING

### PER CURIAM:

In our original opinion we focused on the point that there was no duty on the trial court to appoint counsel for appellant because it was not manifest to the trial court either that appellant did not have counsel for appeal or that he had become indigent. We now are convinced that this did not fully dispose of the matter.

Appellant's retained counsel filed notice of appeal and apparently designated points of error, then represented appellant no further.

Appellant's desire to appeal was manifest, for notice of appeal was filed. Under Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) he was not required to make a specific request for appointment of appellate counsel. This leaves the question whether appellant, though theretofore represented by retained counsel, was in fact indigent and whether his indigency was manifest.[1]

There are indications from the record that the transcript on appeal was furnished at state expense, and that for the purpose of so securing it the appellant furnished an affidavit of indigency, but no such affidavit is in the record. We do not know whether such an affidavit was before the Court of Criminal Appeals or whether the transcript in that court otherwise disclosed that it was furnished at state expense, or whether in any other way appellant's status of indigency was manifest to that court.

As to the trial court, there have been presented to us since our original opinion was filed affidavits of appellant and his retained trial counsel that an affidavit of inability to pay for an appellate transcript was filed with the trial court, that the trial court approved a transcript at state expense, and that the official records reflecting this were lost before the record on appeal was filed with us.

█ If appellant was indigent and that status became manifest to the trial court or the appellate court he is entitled to an out of time appeal with the assistance of counsel.[2]

█ We held in our original opinion that the district court did not abuse its discretion in refusing to grant a continuance (unopposed by the state) of the evidentiary hearing based on unavailability of witnesses. We are still of that view, although the question is a close one, and we would not require a new evidentiary hearing on that ground. However, we express our view that if a further evidentiary hearing is held on the issue of counsel the appellant, in the interest of justice, should be given the opportunity at such hearing to reopen the issue or issues to which the testimony of the absent witnesses would have been relevant and to offer their testimony and such other evidence as he may wish on such issue or issues.

█ Any additional fact-finding can best be done in the state courts of Texas under Article 11.07, Vernon's Ann. Texas Code of Criminal Procedure. State of

---

1. It is undisputed that the Court of Criminal Appeals knew appellant was without counsel. The report of the appeal, Harris v. State, 158 Tex.Cr.R. 37, 253 S.W. 2d 44 (1952), shows "No attorney on appeal, for appellant."

2. Our original opinion referred to it not being manifest that appellant desired

counsel for appeal. We do not by that reference to the factual situation indicate that manifestation of desire for counsel is a necessity. Swenson v. Bosler, supra, made clear that the right to counsel does not depend upon a request.

Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; Bruce v. Beto, 5 Cir., 1968, 396 F.2d 212; Woodbury v. Beto, 5 Cir., 1968, 395 F.2d 189; Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

The petition for rehearing is granted. The judgment of the district court is reversed and the case is remanded with instructions to deny the relief requested and dismiss the writ, without prejudice to appellant to reapply to the state court in which he was convicted.