**John L. LANDRY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24380.**

United States Court of Appeals
Fifth Circuit.

Sept. 11, 1968.

Allen M. Babineaux, Lafayette, La., for appellant.

E. V. Boagni, Asst. U. S. Atty., Shreveport, La., for appellee, Edward L. Shaheen, U. S. Atty., on the brief.

Before JONES and GODBOLD, Circuit Judges, and SCOTT, District Judge.

PER CURIAM:

The appellant, by a motion filed in the district court pursuant to 28 U.S.C.A. Sec. 2255, sought to have his conviction for bank robbery vacated.

Without an evidentiary hearing but with a record of the criminal proceeding before it, the district court denied relief. The decision of the district court was correct and its order dismissing the motion is

Affirmed.

GODBOLD, Circuit Judge (concurring in part and dissenting in part):

I concur except as to one narrow issue on which an evidentiary hearing should be held, and as to that issue I dissent.

The § 2255 motion was filed pro se. Among matters raised were denial of counsel prior to trial and general charges of inadequacy of court-appointed counsel. But in his pro se motion appellant also made a specific claim of violation of constitutional rights by reason of:

> failure of said [court-appointed] attorney to file notice of appeal or take any legal action toward appeal after petitioner requested him to do so.

Elsewhere the motion asserted that one of the trial counsel told appellant "he wouldn't spend the price of a postage stamp on an appeal for him."

The motion was denied without an evidentiary hearing, on the record of the criminal trial plus the court's file. None of these documents deal with post-

trial events relating to appellant's claim of inadequacy of counsel on appeal. No testimony or other evidence was taken from the appointive counsel, from appellant himself, or from anyone else.

The trial court, with the greatest care and patience, afforded appellant trial counsel, in the face of repeated difficulty imposed by appellant himself. Landry had a retained attorney and discharged him. The court appointed two counsel and then replaced one of them at appellant's request. Before his trial, and in the § 2255 matter, appellant repeatedly filed pro se motions, letters and demands with the court while represented by appointive counsel. Landry insisted on representing himself through the first day of the trial, but the court had the appointed counsel remain in the courtroom and available. After the first day the trial services of the appointed counsel were availed of by appellant. The findings of the habeas court on this aspect were:

> Landry refused to counsel with his attorneys, and announced he would represent himself. He did so during the first day of his trial. Counsel were present to assist him, and did confer with him from time to time. He then stated that he would accept representation and these attorneys ably and effectively represented him through the remainder of the trial.

New counsel was appointed for the § 2255 motion. Appellant has sought to displace him also.

The habeas court disposed of the allegation of refusal of counsel to file and pursue an appeal with the following Conclusion of Law:

> The contentions that he lost his rights to appeal by refusal of court-appointed counsel to act is [sic] frivolous. He rejected the services of these lawyers until after the trial commenced. Even if this unsupported allegation were true, he himself was fully capable of making this known to the Court well within the delays provided. This accused has never hesitated to address letters, petitions for every form of writ, motions and other documents to the Court in proper person.

It is now beyond argument that appellant was entitled to appeal if he desired, and to effective counsel on appeal unless he waived it. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Loper v. Beto, 383 F.2d 400 (5th Cir. 1967).

The rejection of services of appointive counsel for the first day of trial simply has nothing to do with whether once accepted the counsel, after conviction, did or did not decline to file notice of appeal or to pursue an appeal.

Neither the district court nor this court finds that effective counsel on appeal was waived. Failure of the appellant to complain to the trial court of ineffectiveness of counsel on appeal is not a waiver. The numerous pro se documents addressed to the court before trial and during the § 2255 proceedings are not a waiver of the right to effective counsel on the direct appeal.

It is true that appellant's allegations are unsupported. But there has been no hearing at which he can offer support if he has it. Quite clearly appellant has been a thorn in the side of the district court and of his various appointive counsel. Nevertheless he has sufficiently alleged what if proved would be a serious violation of his constitutional rights. The allegation has been denied. There has been no waiver. The matter has been decided on a record which does not even purport to cover the post-trial events which appellant claims occurred. An evidentiary hearing was required on the claims relating to counsel on appeal.