433 F.2d 317
 John Tennie SAPP, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.
 No. 29529 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 3, 1970.
 
 John Tennie Sapp, pro se.
 Earl Faircloth, Atty. Gen., Horace A. Knowlton, III, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Tennie Sapp, a Florida state prisoner, appeals from the district court's denial of habeas corpus. We reverse and remand.
 
 
 2
 Appellant was convicted of forgery in a Florida state court. No direct appeal was taken from this conviction but appellant did subsequently make several efforts to obtain post conviction relief from the Florida authorities. These attempts were unsuccessful. Appellant then filed this petition in the Northern District of Florida attacking the Florida conviction alleging among other things that he was denied the right to counsel on appeal. The district court ordered that appellant be given an evidentiary hearing in the state court to determine the questions of fact presented by his allegation. The state hearing was held and the court recommended that no relief be granted. The federal district court, on the basis of the findings and conclusions of the state trial court, denied relief.
 
 
 3
 It is the opinion of this court that the testimony adduced at the state evidentiary hearing fails to support the district court's conclusion that appellant was not denied his right to counsel on appeal. The record clearly shows that appellant was represented by a court appointed attorney at trial. After the trial appellant made known to his counsel his desire to appeal. The court appointed attorney at first agreed to appeal but upon investigation decided that the ground of appeal first mentioned was untenable. Counsel then informed appellant that the appeal was being dropped. Appellant nevertheless continued to request an appeal and within the ninety-day period provided, filed, apparently pro se, a motion to vacate judgment with the trial court.
 
 
 4
 On these facts we hold that appellant is entitled to an out of time appeal. Appellant manifested his desire to appeal to his sentencing court by the motion to vacate judgment and to his court appointed attorney via numerous letters. The trial court had appointed counsel for appellant due to indigency at the original trial. Therefore both the court and appointed counsel were aware of appellant's indigency. It is perfectly clear that when the court is aware that a defendant desires to appeal and is indigent the court must appoint counsel. Swenson v. Bosler, 1967, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. Moreover, it is clear that appointed counsel may not abandon an appeal by a mere letter to the defendant as was done here. Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The only thing which appellant here could have done was request the trial court to appoint another lawyer when his court appointed counsel did not prosecute the appeal. This, however, is not required. Swenson v. Bosler, supra. Harris v. Beto, 5 Cir. 1968, 399 F.2d 679. Under the circumstances therefore, we hold that appellant is entitled to an out of time appeal. Since we make this disposition of the case we refrain from discussing any of appellant's other allegations of error as these matters will be properly before the state court on appellant's direct appeal.
 
 
 5
 The judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I