## PEOPLE *v.* GAZAWAY

1. CRIMINAL LAW—RIGHT TO COUNSEL—APPELLATE COUNSEL.
   An indigent defendant convicted on his plea of guilty has the right to appointed appellate counsel where defendants convicted on their pleas of guilty have the right to appeal.

2. CRIMINAL LAW—PLEA OF GUILTY—SENTENCE—FINAL JUDGMENT.
   A plea of guilty and the sentence on the plea constitute a final judgment.

3. CRIMINAL LAW—RIGHT TO COUNSEL—APPELLATE COUNSEL.
   An indigent defendant, convicted on his plea of guilty of a felony, has a right to court-appointed counsel to perfect his appeal, because his plea of guilty and the sentence thereon constitute a final judgment and appeal is granted to all as a matter of right.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 4 Am Jur 2d, Appeal and Error §§ 345–351.
[1–3] 21 Am Jur 2d, Criminal Law § 495.

Appeal from Lapeer, Norman A. Baguley, J. Submitted Division 3 June 11, 1971, at Grand Rapids. (Docket No. 9175.) Decided June 30, 1971.

Ernest Joel Gazaway was convicted, on his plea of guilty, of felonious assault. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Martin E. Clements*, Prosecuting Attorney, for the people.

*Clayton E. Preisel*, for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

R. B. BURNS, P. J.  Defendant pled guilty to the offense of felonious assault.[1]  Desiring to pursue post-conviction remedies and appeal, defendant submitted to the trial court a petition requesting appointment of appellate counsel.  Despite the trial court's opinion finding defendant indigent, it denied his petition.[2]  However, the trial court did appoint appellate counsel for the purpose of reviewing his order denying the appointment of counsel for an appeal of the guilty plea.

The sole question on appeal is whether the defendant has a right to appointed counsel on his appeal from a guilty-plea conviction.

If the criminally accused have the right to appeal from guilty-plea convictions, then we are constitu-

---

[1] MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).
[2] The trial judge refused to appoint appellate counsel on the ground that his own review of the guilty-plea proceedings revealed no error.  This same reviewing judge had presided over the guilty-plea proceeding.

tionally constrained to uphold their right to appointed appellate counsel. *Douglas* v. *California* (1963), 372 US 353 (83 S Ct 814, 9 L Ed 2d 811);[3] *People* v. *McKinley* (1970), 383 Mich 529; *People* v. *Mallory* (1967), 378 Mich 538. The scope and rationale of this constitutionally compelled rule is aptly stated in *Douglas, supra,* (pp 356, 357):

"We are dealing only with the *first appeal,* granted as a matter of right to rich and poor alike  *  *  * from a criminal conviction  *  *  *  But where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." (Emphasis in the original.)

Section 10 of Article 6 of the Michigan constitution states:

"The *jurisdiction of the court of appeals shall be provided by law* and the practice and procedure therein shall be prescribed by rules of the supreme court." (Emphasis added.)

Pursuant to this constitutional mandate the legislature enacted MCLA § 600.308 (Stat Ann 1971 Cum Supp § 27A.308).

"Sec. 308. The court of appeals has jurisdiction on appeals from:
"(1) *All final judgments from* the recorder's court, superior court, *circuit courts* and court of claims." (Emphasis added.)

Section 309, MCLA § 600.309 (Stat Ann 1971 Cum Supp § 27A.309) states:

"*All appeals* to the court of appeals *from final judgments* or decisions permitted by this act *shall be* a matter of right." (Emphasis added.)

---

[3] See, also, *Swenson* v. *Bosler* (1967), 386 US 258 (87 S Ct 996, 18 L Ed 2d 33).

A plea of guilty and sentence thereon is a final judgment.

Upholding defendant's right to appeal from his guilty plea proceeding we must now grant him the "corollary right to appointment of appellate counsel." *People* v. *McKinley, supra,* p 535.

Reversed and remanded to the trial court for the appointment of appellate counsel.

All concurred.