

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 10, 1974

The Honorable W. G. Woods, Jr.
District Attorney
Chambers County
P. O. Box 431
Liberty, Texas 77575

Opinion No. H- 298

Re: Appointment of counsel
to represent indigent
defendants, their fees
and related questions.

Dear Mr. Woods:

You have asked us several questions concerning the appointment and compensation of counsel to represent indigent defendants. Your first question is:

"1. Is it necessary for the attorney appointed
by the court to represent an indigent defendant to
be in the courtroom at the time of his appointment?"

There is no general statute governing the procedure for the appointment of counsel. Article 26.04, Vernon's Texas Code of Criminal Procedure, provides for such appointment at or prior to arraignment when the defendant is too poor to employ counsel. Otherwise, the right to counsel has developed in various interpretations of the Sixth Amendment to the Constitution of the United States. Gideon v. Wainwright, 372 U.S. 335 (1963); Escobedo v. Illinois, 378 U.S. 478 (1964); Pointer v. Texas, 380 U.S. 400 (1965); Swenson v. Bosler, 386 U.S. 258 (1967); Mempa v. Rhay, 389 U.S. 128 (1967); Argersinger v. Hamlin, 407 U.S. 25 (1972).

Payment of counsel is governed by Article 26.05 of the Code of Criminal Procedure which, after its latest amendment in 1973, now provides:

"Section 1. A counsel appointed to defend a person
accused of a felony or a misdemeanor punishable by
imprisonment, or to represent an indigent in a habeas
corpus hearing, shall be paid from the general fund of
the county in which the prosecution was instituted or
habeas corpus hearing held, according to the following
schedule:

p. 1384

"(a) For each day or a fractional part thereof in court representing the accused, a reasonable fee to be set by the court but in no event to be less than $50;

"(b) For each day in court representing the accused in a capital case, a reasonable fee to be set by the court but in no event to be less than $250;

"(c) For each day or a fractional part thereof in court representing the indigent in a habeas corpus hearing, a reasonable fee to be set by the court but in no event to be less than $50;

"(d) For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500;

"(e) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

"(f) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals in a case where the death penalty has been assessed, a reasonable fee to be set by the court but in no event to be less than $500.

"Sec. 2. The minimum fee will be automatically allowed unless the trial judge orders more within five days of the judgment.

"Sec. 3. All payments made under the provisions of this Article may be included as costs of court.

"Sec. 4. An attorney may not receive more than one fee for each day in court, regardless of the number of cases in which he appears as appointed counsel on the same day."

There is no requirement in the cases or the statutes that an attorney be present in the courtroom at the time he is appointed counsel for an indigent defendant. We therefore answer your first question in the negative.

Your other three questions, dealing with the fees to be paid appointed counsel, ask:

"2. Where the court appoints an attorney to represent an indigent defendant in all cases, against whom there are multiple indictments pending, and the defendant enters a plea of guilty on all cases or just on some of them and the State dismisses others, but all cases are disposed of before the court during one day, or a fraction of one day, is that attorney entitled to at least the minimum fee of $50.00 per case on all cases?

"3. Where the attorney that the court appoints to represent an indigent defendant was already present in the courtroom on other business and is appointed by the court and the case is disposed of at a later date, would the appointment of the attorney by the court in the courtroom in itself be considered as a compensable day under Art. 26.05, § 1 (a), provided nothing further was done by the attorney other than his announcement to the court that he would not waive his ten days allowed to prepare for trial as provided in Art. 26.04(b), C.C.P.?

"4. Where the attorney appointed by the court to represent an indigent defendant was not already in the courtroom, but was called to the courtroom by the Judge, or under his direction, would the appointment of the attorney by the court in the courtroom be in itself considered as a compensable day under Art. 26.05, § 1(a), provided nothing further was done by the attorney other than saying he would not waive his ten days allowed to prepare for trial as provided in Art. 26.04 (b), Texas Penal Code?"

In our opinion, Sec. 4 of Article 26.05 quoted above answers your second question. Regardless of the number of cases pending against the indigent defendant, if all are disposed of in one day, the appointed attorney may not receive more than one fee - "a reasonable fee to be set by the court but in no event to be less than $50." And see Attorney General Opinion C-639 (1966).

Your third and fourth questions, in effect, ask whether there is some minimum amount of time or work which counsel must perform before he is entitled to the fee provided for by Sec. 1(a) of Art. 26.05. We think not. The fees of Article 26.05 are far less than an attorney would normally charge a client. Studies conducted by the State Bar of Texas in the 1960's led to the conclusion in 1968 that a lawyer in private practice, bearing all the expenses of maintaining an office, would have to charge a minimum fee of $40.00 per hour. The Minimum Fee Schedule adopted by the State Bar of Texas in 1968 recommended a minimum fee of $250 for each day of trial of a civil case in a district court. It is apparent, then, that the minimum fee of $50 per day provided by Art. 26.05 is well below the recommended daily trial fee. The amendments to Sec. 1, enacted in 1973 (Acts 1973, 63rd Leg., ch. 426, p. 1126) by making the fee payable for a fractional part of a day seems to recognize that fact.

We are not prepared to say that an appointed attorney who appears in court to represent his client, even though he was already present on other business, is not entitled to a fee. The act of appointment by itself might not be a "day or a fractional part thereof in court representing the accused," but, on the other hand, it could involve the expenditure of time in consulting with the accused as would the announcement to the court that the accused would not waive the time allowed for trial.

In Attorney General Opinion C-639 (1966) it was said:

> "It is the opinion of this office that a court appointed attorney, entitled to receive compensation under the provisions of Article 26.05, is entitled to the fees listed therein, regardless of the fact that his appearance may have been only for a portion of a day.

"You are further advised that it is the opinion
of this office that said attorney is entitled to said
compensation for each day in trial court represent-
ing the accused, whether for the purpose of arraign-
ment, answering docket call, for purposes of trial
or for any other appearance in trial court represent-
ing the accused."

Each case will have to depend on its own facts. However, if an
appointed counsel appears in court in his capacity as representative for
the indigent defendant he is entitled to his statutory compensation. There
are no criteria by which to determine what is and what is not enough
representation and any other rule would fly in the teeth of the statute.

## SUMMARY

It is not necessary that counsel be physically
present in court at the time of his appointment to
represent an indigent defendant. He is entitled to
his statutory fee any time he spends even a fractional
part of a day representing an indigent client, but he
is not entitled to be paid more than one such fee for
any one day.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee