### State v. Velasquez
*[Cite as 4 AOA 356]*

Case No. 89CA004621
Lorain County, (9th)
Decided June 25, 1990

*Gregory A. White, Prosecuting Attorney, 226 Middle Ave., Elyria, OH 44035, for Plaintiff.*

*Rocco J. Russo and John D. Sammon, Attorneys at Law, 340 Leader Bldg., Cleveland, OH 44114, for Defendant.*

REECE, P.J.

Defendant-Appellant, Jose Velasquez, was convicted of engaging in a pattern of corrupt activity [R.C. 2923.32] and unlawful transaction in weapons [R.C. 2923.20(A)(2)]. Appellant appealed. On June 22, 1988, the Court of Appeals dismissed the appeal because appellant failed to timely file his brief in accordance with App. R. 18(A). Appellant later filed the brief and moved the court to reconsider the dismissal, which was denied.

On May 18, 1989, appellant filed a petition for post conviction relief which was denied. Appellant appeals this denial of his post-conviction relief petition.

ASSIGNMENT OF ERROR I

"The trial court erred in denying defendant's petition for post-conviction relief."

In his petition for post-conviction relief, appellant alleged that he was denied effective assistance of counsel at the appellate level. He further asserted that his Crim. R. 29 motion for judgment of acquittal should have been granted, and that he did not engage in a corrupt activity after the effective date of that statute.

Appellant claims that he was denied effective assistance of counsel on his direct appeal. Appellant's counsel filed a timely notice of appeal but failed to file a timely brief pursuant to App. R. 18 and the appeal was dismissed. The trial court's journal entry stated:

"* * *Any ineffective assistance of counsel which may have occurred happened during the appellate process. Vacating Defendant's conviction and sentence in no way cures any denial of rights which may have occurred during the appellate process."

R.C. 2953.21 provides in pertinent part:

"(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution

of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.

"* * *.

"(G) If the court finds grounds for granting relief, it shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a prisoner in custody, shall discharge or resentence him or grant a new trial as may appear appropriate. The court also may make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody, and bail.

"* * *."

The trial court should have made the decision on appellant's claim of ineffective assistance of counsel at the appellate level.

In *Evitts* vs. *Lucey* (1985), 469 U.S. 387, respondent's counsel filed a timely notice of appeal to the Kentucky Court of Appeals, but failed to file the statement of appeal as required by a Kentucky Rule of Appellate Procedure. The Kentucky Supreme Court therefore dismissed the appeal and denied a motion for reconsideration. The United States Supreme Court stated:

"The right to counsel is limited to the first appeal as of right, see *Ross* v. *Moffitt*, 417 U.S. 600 (1974). * * *[T]he attorney must be available to assist in preparing and submitting a brief to the appellate court. *Swenson* v. *Boslik*; 386 U.S. 258 (1967) * * *." *Id.* at 394.

It was concluded that "[a] first appeal of right therefore is not adjudicated in accord with due process of law if appellant does not have the effective assistance of an attorney." *Id.* at 396 (footnote omitted); see, also, *State* v. *Miller* (1988), 44 Ohio App. 3d 42, 43.

Under the facts of this case, appellant was denied the effective assistance of counsel on his first appeal of right. Appellant's assignment of error is well taken.

This court orders the trial court to vacate appellant's sentence and enter a new judgment thereby allowing for a direct appeal to be taken from the new judgment. See *Stahl* v. *Commonwealth* (Ky.1981), 613 S.W. 2d 617 and *Rodriguez* v. *United States* (1969), 395 U.S. 327.

*Judgment reversed.*

BAIRD, J., and CACIOPPO, J., concur.