WOLLMAN, Circuit Judge.
La Verne Koenig was convicted in a North Dakota state court of a class B misdemeanor. He appeals from the district court’s denial of his petition for habe-as corpus relief under 28 U.S.C. § 2254. Because we conclude that Koenig was improperly denied his Sixth Amendment right to appellate counsel, we reverse and remand with directions.
*637 I. Background
Koenig was charged under N.D. Cent. Code § 36-11-01 with the misdemeanor offense of livestock running at large after three of his horses were discovered roaming freely in his neighbors’ fields. During the trial proceedings in the state district court (state trial court), Koenig engaged in what can only be described as several last-minute dilatory tactics that delayed and complicated this matter, including discharging his court appointed attorney less than two weeks before trial and then waiting until the morning of trial to request that new counsel be appointed and that a continuance be granted. After being appointed new counsel, Koenig again waited until the morning of trial before making a pro se motion to disqualify the judge and to request another continuance of the trial. That motion was denied, and Koenig was found guilty following a jury trial. The state trial court sentenced Koenig to thirty days in the Traill County Jail, but suspended the sentence and placed Koenig on one year of unsupervised probation.
Thereafter, Koenig filed two motions, one for a new trial based primarily upon claims that his appointed counsel had provided ineffective assistance at trial and the other requesting the appointment of new counsel. In the motion for new counsel, Koenig requested that his current court appointed attorney be removed and new counsel appointed “to assist in the amending and presentation, of this MOTION FOR NEW TRIAL.” Koenig’s second appointed counsel also filed a motion to withdraw. Following a hearing on these motions, the state trial court made a number of factual findings regarding Koenig’s behavior throughout the trial proceedings, which culminated in the following:
My next finding is that through your manipulative conduct, you, Mr. Koenig, have forfeited any further or continued right to a public defender.
Finally, I explicitly find that your conduct is the functional equivalent of a voluntary waiver of your right to counsel, and I further find that that waiver has been knowingly and intelligently made.
So not only have I granted [appointed counsel’s] motion to withdraw, I am denying your request for a further public defender. You do have the right to hire a lawyer at your own expense; but, at this point, at least at the trial court level, that’s the only option left open to you.
Appellee’s App. 35. Koenig’s motion for a new trial was also denied.
A restitution hearing was later held to determine the damages Koenig’s neighbors had suffered as a result of his horses running at large.' At the conclusion of the restitution hearing, the state trial court informed Koenig that once restitution was resolved a final judgment would be entered, which would mark the beginning of his thirty-day period to file an appeal with the North Dakota Supreme Court. The state trial court then stated, “Whether or not you would be entitled to a lawyer on appeal is an issue that you would have to take up with the clerk of the Supreme Court.” On November 13, 2009, the trial court entered findings of fact, conclusions of law, and order for judgment, which found that Koenig owed $5,400 in restitution. The order of judgment amended Koenig’s earlier sentence by extending his unsupervised probation to three years from the entry of the amended judgment, or until payment in full of the restitution obligation, whichever occurred first.
Koenig filed a notice of appeal with the North Dakota Supreme Court on December 11, 2009. Koenig also filed a motion with the North Dakota Supreme Court *638 requesting the appointment of appellate counsel. On December 29, 2009, the North Dakota Supreme Court entered an order stating, “[I]nasmueh as this court does not appoint legal counsel, the motion for counsel is DENIED.” The docket entry accompanying this order indicated that requests for counsel are to be made with the trial court.[1] Following the receipt of the Supreme Court’s order, Koenig filed a motion with the state trial court on January 14, 2010, requesting, among other things, that the court “take Judicial Notice of the State Supreme Courts [sic] Order, Denying Defendants [sic] Motion for the Supreme Court to appoint legal counsel to assist in appealing this criminal conviction. Wherein the State Supreme Court clearly stated that they do not appoint appellate counsel.” Appellant’s App. 119-20. The motion stated further, “Defendant further advises this Court that his financial situation has not improved since the filing of his Motion for Counsel on August 10, 2009.” Id. The record does not contain a ruling by the state trial court regarding this motion, but it is undisputed that appellate counsel was not appointed. Thereafter, Koenig proceeded to brief and argue his direct appeal pro se. He included among the other specifications of constitutional error set forth in his brief his claim that he had been denied his constitutional right to appointed counsel on appeal, citing Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
On April 19, 2010, the day before Koe-nig’s direct appeal was to be heard by the North Dakota Supreme Court, Koenig filed in the United States District Court for the District of North Dakota (district court) a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion for an emergency stay of the pending oral argument on his direct appeal. Koenig’s petition identified as alleged errors in his state court conviction the same eleven errors that Koenig had raised in his appellate brief before the North Dakota Supreme Court. As grounds for his request for an emergency stay, Koenig alleged that he was entitled to the assistance of legal counsel on his direct appeal as a matter of right under statute and Supreme Court precedent. He alleged further that:
The [state trial] court refuses to appoint legal counsel, even though Petitioner has been found indigent, Petitioner thereafter moved the State Supreme Court, for the appointment of appellate counsel, which they denied, stating they do not appoint appellate counsel. Petitioner has thus been forced to defend in pro se capacity.
Mot. for Emergency Stay 1. Koenig requested an order staying the proceedings before the North Dakota Supreme Court until a determination regarding his right to legal counsel for his direct appeal was made by the district court. Id. at 4. Because of the late nature of the filing, the district court was unable to rule upon the motion for an emergency stay until after oral argument on Koenig’s direct appeal was heard. The district court thus denied the motion as moot. See D. Ct. Order of May 14, 2010, at 1-2. Moreover, the district court concluded that because the North Dakota Supreme Court had not issued a decision on Koenig’s direct appeal, the claims in his habeas corpus petition had not been fully exhausted. Accordingly, the district court dismissed the petition without prejudice. Id.
Unbeknownst to the district court, the North Dakota Supreme Court had issued a *639 summary denial of Koenig’s appeal on May 11, 2010, in which it affirmed his conviction and rejected all eleven claimed errors. See State v. Koenig, 789 N.W.2d 731 (N.D.2010) (table decision).[2] Koenig filed a motion for reconsideration with the district court, asking that it reconsider its conclusion that he had failed to exhaust his administrative remedies. The district court granted the motion, stating: “Having now exhausted his state court remedies, the Court hereby grants Koenig’s motion to alter and amend its previous Order.” D. Ct. Order of July 22, 2010, at 1. The district court then addressed the merits of the petition and concluded that none of Koenig’s claims demonstrated an unreasonable application of clearly established federal law or a clear error in any factual findings. The district court dismissed his petition with prejudice and denied a certificate of appealability. Id. at 6-7.
Koenig applied for a certificate of ap-pealability with this court. A panel of this court granted Koenig in forma pauperis status on appeal and found that reasonable jurists would find debatable the district court’s rejection of the following claims in the absence of the relevant state court records: (1) that Koenig was denied appointment of appellate counsel; (2) that counsel was ineffective for failing to raise the defense that Koenig maintained a ditch as a lawful fence and for failing to challenge the testimony that undermined that defense; (3) that the statute defining a lawful fence was unconstitutionally vague as applied to Koenig due to the conflicting testimony concerning the standards for a lawful fence, including when a ditch amounted to a lawful fence; and (4) that the evidence was insufficient to show that Koenig acted willfully and that he did not maintain a lawful fence. The panel denied a certificate of appealability on the remaining claims. Koenig’s petition was remanded to the district court for consideration of those four claims once the state of North Dakota (State) had responded to the petition and produced the relevant portions of the state record.
The State’s response included a motion to dismiss the petition. After the motion was fully briefed, the district court conducted a thorough review of the state court record and granted the State’s motion to dismiss the petition, holding that Koenig was not entitled to the relief he sought under § 2254. See D. Ct. Order of April 25, 2012, at 21. The district court granted Koenig a certificate of appealability on the four earlier-remanded claims, and this appeal followed.
II. Discussion
“In reviewing a district court’s denial of habeas relief, we review its findings of fact for clear error and its conclusions of law de novo.” Flowers v. Norris, 585 F.3d 413, 416 (8th Cir.2009). Like the district court, we review the underlying decision of the North Dakota Supreme Court under 28 U.S.C. § 2254, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. Under AEDPA, an application for a writ of habeas corpus may only be granted if the adjudication of the underlying state court action resulted in a decision “that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” or one “that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(1), (2).
*640 Koenig first contends that the district court erred by denying him habeas relief on his claim that he was denied his Sixth Amendment right to appellate counsel on his direct appeal. The Sixth Amendment states that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” U.S. Const, amend. VI. The Supreme Court has interpreted this right to counsel as requiring that indigent defendants be provided counsel unless the right has been voluntarily and intelligently waived. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States ex rel. Miner v. Erickson, 428 F.2d 623, 626 (8th Cir.1970) (“The right to counsel may be waived, of course, if the waiver is made voluntarily and intelligently by a competent mind.” (internal quotation marks omitted)). In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Court extended to state court prosecutions the right to state-appointed counsel established in Zerbst. And in Douglas, 372 U.S. at 357-58, 83 S.Ct. 814, the Court held that the right to counsel includes the right to appellate counsel for an appeal of a conviction taken as a matter of right.
Under North Dakota law, Koenig was entitled to appeal his misdemeanor conviction as a matter of right. See N.D. Cent. Code § 29-28-03. Thus, in its order denying habeas relief on this claim, the district court recognized that “[ujnless there was a valid waiver of the right to counsel, this denial of appellate counsel would violate Koenig’s state and federal constitutional rights.” D. Ct. Order of Apr. 25, 2012, at 7. After recounting the litany of difficulties that Koenig had presented to his trial counsel and to the state court system that had led to the state trial court’s finding of a voluntary waiver of counsel, the district court concluded:
[TJhis Court concurs that the state district court’s factual findings compelled the legal conclusion that Koenig’s conduct constituted a valid waiver of his right to appellate counsel. Koenig’s abuse of the judicial process and his refusal to cooperate with either of his court-appointed attorneys were both manifestations of his desire to try his case strictly on his own terms. In light of this rogue approach to defending his case, Koenig’s constitutional right to counsel was not infringed because the further appointment of appellate counsel would have been fruitless and against Koenig’s wishes as evidenced by his conduct. The denial of appellate counsel did not infringe upon Koenig’s constitutional rights.
Koenig does not dispute that the state trial court determined that he had through his conduct waived his right to appointed counsel at the trial court level. He contends, however, that the record reflects that the state trial court’s waiver determination was limited to the issue of the right to trial counsel only and that no determination regarding his right to appellate counsel was ever made. It is well settled “that courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights.” Zerbst, 304 U.S. at 464, 58 S.Ct. 1019 (internal quotation marks and footnote omitted). “While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.” Id. at 465, 58 S.Ct. 1019.
As recounted earlier, the state trial court determined that Koenig had made a knowing and intelligent waiver of his right to appointed trial counsel. The state trial *641 court outlined in detail the conduct that it found to constitute “the functional equivalent of a voluntary waiver of [Koenig’s] right to eounsel[.]” See Appellee’s App. 28-35 (quoting Mot. for New Counsel Hr’g 16:10-11, Sept. 23, 2009). But immediately following this finding, the state trial court limited its determination by stating, “You do have the right to hire a lawyer at your own expense; but, at this point, at least at the trial court level, that’s the only option left open to you.” Id. at 35. Had the state trial court determined that Koenig had waived not only his right to appointed trial counsel but also his right to appointed appellate counsel, the qualifying statement “at least at the trial court level” would have been superfluous.
Moreover, the hearing during which the state trial court made its waiver determination was one addressing Koenig’s motion for the appointment of new counsel to assist him with filing a trial-level motion. See Appellee’s App. 17-18 (requesting the appointment of counsel to assist “in the amending and presentation, of this [motion for new trial]”). Thus, the state trial court’s finding of waiver related solely to Koenig’s request for appointed counsel to aid in trial court proceedings, there having been no request before it at that time for the appointment of appellate counsel.
This reading of the record finds further support in the state trial court’s subsequent discussion of Koenig’s right to appeal his conviction, during which it stated:
If you intend to appeal any aspect of this case to the North Dakota Supreme Court, you must file a timely notice with the clerk. And again, the time limit is thirty days following entry of judgment. Whether or not you would be entitled to a lawyer on appeal is an issue that you would have to take up with the clerk of the Supreme Court.
Appellant’s Pro Se App. 28 (quoting Restitution Hr’g 66:5-11, Oct. 21, 2009). Again, had the state trial court’s waiver determination been one intended to address a request for both trial counsel and appellate counsel, the state trial court would not have erroneously directed Koenig to raise his request for the appointment of appellate counsel with the clerk of the North Dakota Supreme Court. Thus, the state trial court record will not admit of a finding that Koenig had knowingly and voluntarily waived his right to the appointment of appellate counsel.
Because the state trial court’s waiver determination was limited to Koenig’s right to trial counsel, Koenig is entitled to habeas relief unless the record contains some other manifestation that he knowingly and intelligently waived his right to appellate counsel. The State contends that Koenig’s failure to request the appointment of appellate counsel in the state trial court after a similar motion was denied by the North Dakota Supreme Court constitutes such a waiver. We conclude, however, that Koenig’s January 14, 2010, motion to the state trial court constituted a renewal of his earlier request for appellate counsel and cannot be read as a waiver of such counsel. As the Supreme Court has made clear, “where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.” Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Likewise, waiver of the right to appellate counsel cannot be inferred simply from the defendant’s failure to request appellate counsel. Swenson v. Bosler, 386 U.S. 258, 260, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) (per curiam):
When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant’s failure specifically to re *642 quest appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.

Id.

In Harris v. Estelle, 487 F.2d 56 (5th Cir.1973) (per curiam), the Fifth Circuit relied upon Swenson to grant habeas relief to a similar petitioner, albeit one who had been convicted of murder rather than of a minor misdemeanor. The Fifth Circuit concluded that “the state, through its officials, knew of Harris’s indigency and thus had a duty to ascertain whether Harris had counsel for his appeal; if not, to advise him of his right thereto; and to appoint counsel for him if he so desired.” Id. at 58. Relying on Swenson, the court held that because the record “fully and unequivocally showed that Harris’s indigence and his desire to appeal were made known to a state official, namely, the trial judge, ... he [was] entitled to an out of time appeal with counsel.” Id.
The record is clear that the state trial court was aware of Koenig’s indigency as well as of his desire to appeal. Its failure to respond in any manner to Koenig’s January 14, 2010, motion forecloses any claim that it at that time found that Koenig had waived his right to appellate counsel. Moreover, there is nothing in the North Dakota Supreme Court’s unpublished opinion indicating that it found that Koenig had knowingly and voluntarily waived his right to appellate counsel. In the absence of such record evidence, we conclude that the North Dakota state courts acted contrary to the dictates of firmly established Supreme Court precedent by failing to provide Koenig with appellate counsel.
Accordingly, we hold that Koenig is entitled to relief on his habeas petition, and thus we remand the case to the district court with directions that it be held in abeyance for not longer than 120 days from the date of issuance of our mandate. If within that time the State grants Koenig leave to take an out-of-time appeal with the assistance of counsel, the district court shall dismiss Koenig’s petition. If such an appeal is not granted within that period, the district court shall enter judgment vacating Koenig’s conviction. In light of our holding, we need not rule on the remaining claims raised in Koenig’s petition. See Hams, 487 F.2d at 57.
III. Conclusion
We reverse the judgment dismissing the petition and remand the case to the district court for further proceedings consistent with this opinion.

. In response to our request, Koenig's counsel in this proceeding conducted an investigation and reported that there is no record that the December 28, 2009, motion was ever refiled with the state trial court.

. Koenig’s petition for writ of certiorari from that decision was denied later that year. Koenig v. North Dakota, - U.S. -, 131 S.Ct. 664, 178 L.Ed.2d 496 (2010).