NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0006n.06

No. 07-6310

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 05, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ANTHONY D. FORSTER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | MIDDLE DISTRICT OF TENNESSEE |
| HENRY STEWARD, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before: RYAN, COOK, and WHITE, Circuit Judges.

COOK, Circuit Judge. Anthony Forster appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that the Tennessee Court of Criminal Appeals deprived him of his Fourteenth Amendment right to appellate counsel. Because the state appellate court unreasonably applied clearly established Supreme Court precedent governing waiver, we reverse the district court's judgment and remand with instructions to grant a conditional writ of habeas corpus, requiring the state of Tennessee to reinstate Forster's direct appeal or release him.

I.

A Davidson County grand jury indicted Forster on charges stemming from two armed robberies—one of the West Meade Cleaners, the other of an Arby's restaurant. During the course

of the trial proceedings, a series of Forster's state-appointed attorneys withdrew. The withdrawal of Forster's fourth attorney prompted his family to privately retain John Oliva, who represented Forster throughout the trial.

The jury returned a split verdict, acquitting Forster of the charges related to the robbery of West Meade Cleaners, but convicting him of the Arby's robbery. Following the trial, Oliva moved to withdraw. The court granted Oliva's motion and appointed Nicholas Hare to represent Forster at sentencing. Shortly thereafter, Forster moved to relieve Hare and to proceed pro se at sentencing. The court granted Forster's request to relieve Hare, but asked him to serve as "elbow counsel." Prior to permitting Forster to proceed pro se, the judge questioned Forster to ensure the validity of his waiver of his Sixth Amendment right to counsel.

Forster represented himself at the sentencing hearing where the court adopted the state's recommendation to sentence him to twenty-two years' imprisonment without the possibility of parole. Forster then filed a motion in the Tennessee Court of Criminal Appeals requesting appointment of counsel for his appeal. In a written order, the appellate court denied his request, finding from a review of the pre-sentencing colloquy that "[Forster] voluntarily, knowingly, and intelligently relinquished his right to counsel" and "may not now change his mind." The court highlighted "[t]he trial court['s] . . . gener[osity] in dealing with [Forster's] whimsical behavior" and expressed its unwillingness to "engage in a similar battle with him."

Following the affirmance of Forster's conviction and sentence on direct appeal, he

unsuccessfully sought state postconviction relief. Having exhausted his Tennessee remedies, Forster petitioned for federal habeas relief, raising fourteen claims. The district court reviewed and denied each one, but granted a certificate of appealability on whether the Tennessee Court of Criminal Appeals unreasonably applied clearly established Supreme Court law when it denied Forster's explicit request for appellate counsel.

## II.

We review de novo the district court's decision denying habeas relief. *Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). We also give fresh review to factual findings that arose from the state-court record. *Dando v. Yukins*, 461 F.3d 791, 796 (6th Cir. 2006). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may grant a writ of habeas corpus if the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "unreasonable application" clause permits habeas relief where the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts. *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

## III.

The Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. *Douglas v. California*, 372 U.S. 353, 357–58 (1963). In denying Forster's request for appointment of appellate counsel, the Tennessee Court of Criminal Appeals relied on his post-

verdict, pre-sentencing colloquy as evidence of his waiver of this right. Forster correctly argues that the state court unreasonably applied clearly established federal law when it inferred a waiver of his Fourteenth Amendment right to appellate counsel from his waiver of his Sixth Amendment right to trial counsel.

Waivers of appellate counsel must be knowing, intelligent, and voluntary. *Swenson v. Bosler*, 386 U.S. 258, 260 (1967) (per curiam). A waiver qualifies as knowing and intelligent where the defendant possesses "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Voluntariness requires the defendant's decision to be "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id.* Thus, to effectuate a valid waiver of the right to appellate counsel, a court must inform the defendant of the right he is surrendering, alert him to "the dangers and disadvantages of self-representation," *Faretta v. California*, 422 U.S. 806, 835 (1975), and ensure that he foregoes counsel "with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942).

The Tennessee Court of Criminal Appeals seems to have "gleaned" Forster's waiver of the right to the assistance of appellate counsel from his pre-sentencing colloquy with the trial court judge, his frustrating manipulation of trial-counsel appointments, and his decision to go it alone at sentencing, albeit with "elbow counsel." Tellingly, Tennessee never argues that the trial judge's

exchange with Forster concerned his right to appellate counsel. Instead, its brief refers generically to wavier of "the right to counsel," without distinguishing trial-counsel waiver from appellate-counsel waiver.

Absent any evidence supporting Forster's intentional relinquishment of his Fourteenth Amendment right to appellate counsel, the Tennessee Court of Criminal Appeals unreasonably applied clearly established Supreme Court law when it concluded Forster knowingly, intelligently, and voluntarily waived his right to appointed appellate counsel. And we presume prejudice from the denial of appellate counsel. *Penson v. Ohio*, 488 U.S. 75, 88 (1988).

IV.

For these reasons, we reverse the district court's judgment and remand with instructions to grant a conditional writ of habeas corpus, directing Tennessee to release Forster from custody unless, within 120 days of the order, the state affords him an opportunity to appeal his conviction with the assistance of counsel.