IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville July 23, 2013

**ANTHONY D. FORSTER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2000-B-1181     Seth Norman, Judge**

_____

**No. M2012-01641-CCA-R3-PC - Filed August 8, 2013**

_____

Anthony D. Forster ("the Petitioner") filed a petition for post-conviction relief from his conviction for especially aggravated robbery. In his petition, he alleged that he received ineffective assistance of appellate counsel. The post-conviction court summarily dismissed his petition. On appeal, the Petitioner asserts that the post-conviction court erred in summarily dismissing his petition. Upon our thorough review of the record and applicable law, we reverse the judgment of the post-conviction court and remand this matter to the Davidson County Criminal Court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Reversed; Remanded**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Anthony D. Forster, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; Renee W. Turner, Senior Counsel; Victor S. Johnson III, District Attorney General; and Dann Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The Petitioner was indicted in June 2000 on one count of aggravated robbery, two counts of aggravated assault, and one count of especially aggravated robbery. A jury convicted the Petitioner only of the especially aggravated robbery offense. Prior to the sentencing hearing, the Petitioner filed a motion to dismiss his attorney and proceed pro se,

which the trial court granted. The Petitioner was sentenced to twenty-two years. The Petitioner then filed a motion in this Court for appointment of counsel for the appeal, which we denied. On appeal, this Court affirmed the Petitioner's conviction and sentence. See State v. Anthony D. Forster, M2002-00008-CCA-R3-CD, 2003 WL 1715922, at *14 (Tenn. Crim. App. Apr. 1, 2003), perm. app. denied (Tenn. Oct. 13, 2003). The Petitioner then filed an initial petition for post-conviction relief, arguing "that his wavier of the right to counsel was not valid," which the post-conviction court summarily dismissed. See Anthony D. Forster v. State, M2004-00452-CCA-R3-PC, 2005 WL 1521841, at *1 (Tenn. Crim. App. June 24, 2005). The Petitioner appealed the dismissal of this initial post-conviction petition, and this Court affirmed the dismissal. Id. at *3.

Having exhausted his state remedies, the Petitioner next filed for federal habeas corpus relief alleging, inter alia, that he was denied his Fourteenth Amendment right to counsel on appeal. See Forster v. Steward, 360 Fed. Appx. 604, 604-05 (6th Cir. Jan. 5, 2010). The district court denied each claim, but "granted a certificate of appealability on whether [this Court] unreasonably applied clearly established Supreme Court law when it denied [the Petitioner's] explicit request for appellate counsel." Id. at 605. The United States Court of Appeals for the Sixth Circuit held that the Petitioner did not effectively waive his Fourteenth Amendment right to appellate counsel when he waived his Sixth Amendment right to assistance of counsel at sentencing. Id. at 606. The court reversed the district court's judgment and remanded the case to afford the Petitioner an opportunity to appeal his conviction with the assistance of counsel. Id. With the assistance of counsel, the Petitioner appealed, and this Court again affirmed the Petitioner's conviction and sentence. See State v. Anthony D. Forster, No. M2002-008-CCA-R3-CD, 2011 WL 1431980, at *16 (Tenn. Crim. App. Apr. 11, 2011), perm. app. denied (Tenn. Aug. 24, 2011).

Finally, the Petitioner filed the instant pro se petition for post-conviction relief arguing that his counsel on appeal ("appellate counsel") was ineffective. The post-conviction court summarily dismissed his petition. In the order summarily dismissing his petition, the post-conviction court held that

> T.C.A. § 40-30-102(c) 'contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment.'
>
> The Petitioner has been afforded two separate appeals and now wishes to have yet another opportunity to attack the judgment in this matter via post-conviction petition. As it appears that the Petitioner has already been availed of the opportunity to do so, the Court is of the opinion that the Petition for Post-Conviction Relief should be dismissed.

The post-conviction court cited, as an additional ground, that the Petitioner failed to verify his petition under oath. The Petitioner has appealed, arguing that the post-conviction court erred in summarily dismissing his petition. The State agrees with the Petitioner that the post-conviction court erred in summarily dismissing his petition, and it requests that the case be remanded for an evidentiary hearing.[1]

## Analysis

*Post-Conviction*

We review the propriety of a post-conviction court's summary dismissal de novo. See, e.g., Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002) (citing Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001)). Relief pursuant to a post-conviction proceeding is available only where the petitioner demonstrates that his or her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006).

As noted by the post-conviction court, the Post-Conviction Act only contemplates the filing of one petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c) (2006). This section further provides: "In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Id. However, Tennessee Supreme Court Rule 28 section 9(D)(3), which supplements the remedies and procedures set forth in the Post-Conviction Procedure Act, see Tennessee Code Annotated sections 40-30-101 to -122, provides the following:

> (a) Where a delayed appeal is granted and the petitioner is unsuccessful on appeal, and new issues cognizable in a post-conviction proceeding result from the handling of the delayed appeal, the petitioner may amend the original post-conviction petition to include such new issues.

Here, the United States Court of Appeals for the Sixth Circuit remanded the Petitioner's case to the trial court to afford the Petitioner an opportunity to appeal his

---

[1] The State originally filed a motion requesting this Court to affirm the post-conviction court's summary dismissal in a memorandum opinion pursuant to Tennessee Court of Criminal Appeals Rule 20. See Tenn. Ct. Crim. App. R. 20. After reviewing the record, we denied that request and set the case for full briefing. As noted above, the State now agrees with the Petitioner's contention that the post-conviction court erred in summarily dismissing his petition.

conviction with the assistance of counsel. The Petitioner then unsuccessfully appealed his case with the assistance of counsel. Accordingly, under the particular procedural history and facts of this case, the Petitioner must be allowed to pursue his post-conviction claim on those new issues related to whether appellate counsel was ineffective. Additionally, with regard to the post-conviction court summarily dismissing the petition because the Petitioner failed to verify it under oath, "[n]o pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel." See Tenn. Sup. Ct. R. 20, § 6(B)(4)(b).

For these reasons, the trial court erred in summarily dismissing the Petitioner's petition for post-conviction relief. Thus, we are compelled to reverse the post-conviction court's judgment and remand the case to the post-conviction court to address the preliminary considerations in post-conviction cases required by Tennessee Code Annotated section 40-30-106 (2006), including whether the Petitioner has stated a colorable claim for relief and whether post-conviction counsel should be appointed.

## Conclusion

For the reasons articulated above, the judgment of the post-conviction court is reversed, and this matter is remanded to the post-conviction court for further proceedings in accordance with this opinion.

_____
JEFFREY S. BIVINS, JUDGE